**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SECURITIES & EXCHANGE COMMISSION,

    Plaintiff,

vs.

BANC DE BINARY, *et al.*,

    Defendants.

2:13–cv–993–RCJ–VCF

**ORDER**

    This matter involves the Securities and Exchange Commission's civil enforcement action against Banc De Binary (#41[1]). Before the court is the Commission's motion for alternative service of process on Defendant Oren Shabat Laurent (#43). For the reasons stated below, the Commission's motion is granted.

**BACKGROUND**

    Defendant Oren Shabat Laurent is an Israeli and American residing near in Ramat Gan, Israel. (Pl.'s Mot. (#43) at 3:11). Laurent is the founder and chief executive officer of Defendant Banc de Binary, a Cyprus-based corporation that is allegedly engaged in the offer and sale of securities to U.S. investors. (Amend. Compl. (#41) at 3, 6–8). Banc de Binary, however, is not registered with Commission. (*Id.*) This violates section 5 of the Securities Act, 15 U.S.C. § 77e. (*Id.* at 9). To date, Laurent has refused to permit counsel to accept service of the Commission's amended complaint on his behalf. (Pl.'s Mot. (#43) at 1:7). As a result, the Commission moves to serve Laurent by international mail under The Hague Convention and email. (*See* Pl.'s Mot. (#43) at 4:22, 6:7).

---

[1] Parenthetical citations refer to the court's docket.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 4(f) governs service of an individual in a foreign country. Rule 4(f)(2) permits plaintiffs to move the Clerk of Court to serve defendants by return-receipt mail. Additionally, Rule 4(f)(3) permits the court to allow the plaintiff to serve the defendant "means not prohibited by international agreement." This includes email. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (stating that Rule 4(f) permits, *inter alia*, service by publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and, email).

The Ninth Circuit has held that service under Rule 4(f) is neither a "last resort" nor "extraordinary relief." *Id*. at 1015 (citation omitted). "It is merely one means among several which enables service of process on an international defendant." *Id*. The decision to allow alternative means of service of process under Rule 4(f)(3) is discretionary. *Absolute Swine Insemination Co., Ltd v. Absolute Swine Insemination Co*., LLC, No. 2:12–cv–00606, 2012 WL 3536788, at *3 (D. Nev. Aug. 14, 2012) (citation omitted).

## DISCUSSION

The Commission's motion is granted. When deciding whether to permit service by email or return-receipt mail, the court must first make a legal determination: whether service by email or return-receipt mail is allowed by international agreement and not prohibited by the foreign country's law. *See* FED. R. CIV. P. 4(f)(2); *see Brockmeyer v. May*, 383 F.3d 789, 804–805 (9th Cir. 2004) (identifying these requirements). These requirements are satisfied here. It is undisputed that (1) The Hague Convention permits service by international mail, (2) the United States and Israel are members to the Hague Convention, and (3) Israeli law does not prohibit service by international mail. *See Treeline Inv. Partners, LP v. Koren*, 07–cv–1964–cv–DLC, 2007 WL 1933860, at *5 (S.D.N.Y. July 3, 2007)

(discussing each of these elements in detail and citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299–300 (2d Cir. 2005) and *Ackermann v. Levine*, 788 F.2d 830, 840 (2d Cir. 1986)); *see also Facebook, Inc. v. Banana Ads LLC* No. 11–3619, 2012 WL 1038752, at *1 (N.D. Cal. March 27, 2012) (granting motion to serve foreign defendants by email); *Prof'l Investigating & Consulting Agency Inc. v. Suzuki*, No. 11–cv–1025, 2014 WL 48260, at *2–3 (S.D. Ohio Jan. 7, 2014) (holding that The Hague Service Convention allows service by email); *Williams-Sonoma Inc. v. Friendfinder Inc*., 06–06572–JSW, 2007 WL 1140639, at *3 (N.D. Cal. Apr. 17, 2007) (permitting service on an Israeli defendant by email).

Second, the court must make a discretionary determination: whether permitting service of process by email and return-receipt mail under The Hague Convention is necessitated by the facts and circumstances and (2) reasonably calculated to apprise the defendant of the action and afford him an opportunity to respond to the complaint. *Rio Properties, Inc*., 284 F.3d at 1016. These factors are satisfied here.

The facts and circumstances necessitate court intervention allowing service by email and return-receipt mail because Laurent refuses to permit counsel to accept service on his behalf. (Pl.'s Mot. (#43) at 1:7). Service by email and return-receipt mail are reasonably calculated to appraise Laurent of the action because the Commission has located Laurent's place of residence in Israel and discovered his email address, which Laurent regularly checks. (*Id*. at 7) (citation omitted). It light of the Ninth Circuit's conclusion that service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," the court grants the Commission's motion.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Commission's motion for alternative service of process (#43) is GRANTED.

IT IS FURTHER ORDERED that the Commission is permitted to service Mr. Laurent by email at oren@bbinary.com.

IT IS FURTHER ORDERED that the Clerk of Court will serve Mr. Laurent with the Commission's amended complaint (#41) by return-receipt mail pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii) at the following address: Mr. Oren Shabat Laurent, Shoham, 1, 52711, Ramat Gan, Israel.

IT IS SO ORDERED.

DATED this 3rd day of March, 2014.

_____

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4