**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) vs. ) ) BANC DE BINARY LTD., ) ) Defendant. ) | 2:13-cv-00993-RCJ-VCF **ORDER** |

This case arises out of the alleged trading of unregistered securities. The Court has entered a preliminary injunction, ruling that although they are not in fact options, the "binary options" Defendant is alleged to sell are "securities" under the Securities Exchange Act of 1934, as amended.

Attorneys Berry and Hakala previously asked to appear *pro hac vice* on behalf of the SEC. The Court noted it would permit those attorneys to appear if they submitted declarations indicating their review of and assent to the Nevada Rules of Professional Conduct. the Court also requested that Attorney Longo, previously admitted *pro hac vice* also submit such a declaration. The Court explained that it would require the declarations in fairness to the opposing parties. *See EEOC v. Wells Fargo Bank, N.A.*, No. 3:13-cv-528, 2014 WL 258560, at *2 (D. Nev. Jan. 23, 2014) (Jones, J.) ("[T]he Court will not permit the attorneys in this case to be governed by different sets of ethical rules."). The Court also noted that it would require Plaintiff to show that the U.S. Attorney's Office in this District is incapable of litigating the

1   present matter either by statute or due to a lack of manpower or subject-matter experience.

2   　　　　The three attorneys have renewed the motion and have filed the relevant declarations,

3   with which the Court is satisfied.  Movants also argue that the local U.S. Attorney's Office is

4   incapable of litigating the matter because the SEC has statutory authority to bring civil

5   enforcement actions. *See* 15 U.S.C. § 77t(b) ("Whenever it shall appear to the Commission that

6   any person is engaged or about to engage in any acts or practices which constitute or will

7   constitute a violation of the provisions of this subchapter, or of any rule or regulation prescribed

8   under authority thereof, the Commission may, in its discretion, bring an action . . . ."); *id.*

9   § 78u(d)(1) ("Whenever it shall appear to the Commission that any person is engaged or is about

10  to engage in acts or practices constituting a violation of any provision of this chapter, the rules or

11  regulations thereunder, the rules of a national securities exchange or registered securities

12  association of which such person is a member or a person associated with a member, the rules of

13  a registered clearing agency in which such person is a participant, the rules of the Public

14  Company Accounting Oversight Board, of which such person is a registered public accounting

15  firm or a person associated with such a firm, or the rules of the Municipal Securities Rulemaking

16  Board, it may in its discretion bring an action . . . .").

17  　　　　The SEC's authorization to bring the present civil enforcement action does not mean that

18  only the SEC's own attorneys may do so, such that the U.S. Attorney cannot represent the United

19  States or the SEC in this action.  That may be the usual practice of the SEC and the DOJ, but this

20  Court needn't conform its admission policies and practices to the practices of the SEC and the

21  DOJ in filing cases.  The Court of Appeals has stated, in a civil immigration case where it was

22  fiercely contested whether a promise by an assistant U.S. attorney could bind the INS, that:

23  　　　　Except as otherwise authorized by law, the Attorney General of the United
　　　States supervises all litigation to which the United States or an agency thereof is a
24  　　　party. 28 U.S.C. § 516. . . . If the Attorney General wished to limit the incidental
　　　authority of United States Attorneys in this respect, she could easily do so with a
25  　　　section in the Code of Federal Regulations, but she has not chosen to do that.

*Thomas v. INS*, 35 F.3d 1332, 1340–41 (9th Cir. 1994). The *Thomas* court noted that "[e]xcept as otherwise provided by law, each United States attorney, within his district, shall . . . . prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned . . . ." *Id.* at 1338 (quoting 28 U.S.C. § 547) (internal quotation marks omitted); *see also* § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is *reserved* to officers of the Department of Justice, under the direction of the Attorney General." (emphasis added)); *Marshall v. Gibson Prods., Inc. of Plano*, 584 F.2d 668, 676 (5th Cir. 1978). In other words, the DOJ (via the Attorney General and the U.S. Attorneys) has by statute default exclusive authority to represent the United States and its agencies; however, where authorized by law, others may also have that authority. The representational authority granted to the DOJ under § 516 (and the accompanying duty imposed under § 547 to utilize that authority) would only be countermanded by a statute giving another entity exclusive authority or otherwise explicitly limiting the DOJ's authority. The statutes movants cite don't even come close. They merely give the SEC the authority to bring a civil enforcement action. Even the ability of the SEC to use its own attorneys (as opposed to the DOJ's) when it does bring such an action has to be *inferred* from the statutes Movants cite. So there's certainly no way to conclude that those statutes *oust* the default statutory authority of the DOJ to represent the United States and the SEC in such actions.

    In summary, Movants have identified no statute or regulation restricting the ability of the U.S. Attorney to represent the United States or the SEC in civil securities enforcement actions. Still, although Movants do not explicitly state that the local U.S. Attorney's Office lacks the manpower or expertise to prosecute the present case, that is the clear implication from the continued motion. The Court therefore grants the motion.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Leave to Appear (ECF No. 62) is GRANTED.

IT IS SO ORDERED.

Dated this 27th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge