**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SECURITIES & EXCHANGE COMMISSION,

        Plaintiff,

vs.

BANC DE BINARY LTD., *et al.*,

        Defendants.

Case No. 2:13–cv–993–RCJ–VCF

**ORDER ON HEARING**

      This matter involves the Securities and Exchange Commission's civil enforcement action against Banc de Binary, *et al.* for allegedly trading unregistered securities in violation of Section 5 of the Securities Act, 15 U.S.C. §§ 77e and section 15(a)(1) of the Exchange Act of 1934, 15 U.S.C. § 78o(a)(1). Before the court is the Commission's Motion to Compel (#70-1) and Motion to Extend (#70-1 at 2:25–27). A hearing is currently set for Tuesday, October 21, 2014. Both motions will be addressed in the manner outlined below.

**I.**      **The Motion to Compel & the Commission's Specific Discovery Requests**

      The Motion to Compel will be heard first. The parties will address each disputed discovery request seriatim. Arguments will proceed as follows. First, the Commission will: (a) identify the discovery request that is in dispute; (b) identify which, if any, Defendants responded to that discovery request and when; (c) identify the Defendants' specific response to that request, if any; and, (d) briefly state why that request is reasonably calculated to lead to the discovery of admissible evidence.

      Second, each Defendant will demonstrate either (a) how it has already complied with the disputed discovery request or, if not, (b) why the discovery request is overly broad, unduly burdensome, or irrelevant. *See, e.g.*, *Teller v. Dogge*, No. 2:12–cv–00591–JCM, 2013 WL 1501445 (D. Nev. Apr. 10, 2013) (Foley, M.J.) (citing *Graham v. Casey's General Stores*, 206 F.R.D. 251, 253–4 (S.D. Ind. 2000).

After the Defendants' response, the Commission will be given an opportunity to reply. Argument on the next disputed discovery request will then be heard in the order outlined above until every disputed discovery request has been addressed.

## II.     The Motion to Compel & the Commission's General Requests for Relief

Next, the court will hear arguments on the Commission's requests that each Defendant personally (1) "conduct a reasonably inquiry of their records" and (2) "certify, under oath, that they have undertaken the necessary steps to locate all responsive documents." (*See* Pl.'s Mot. to Compel (#70-1) at 2:13–19). The Commission will provide points and authorities regarding the court's ability to order individual parties, rather than counsel for the parties, to undertake these acts. *See, e.g.*, FED. R. CIV. P. 26(g) (discussing counsel's duty to certify and conduct a reasonable inquiry).

After hearing from the Commission, Defendants will be given an opportunity to respond, and the Commission will be given an opportunity to reply.

## III.    The Commission's Motion to Extend

Finally, the court will hear arguments on the Commission's Motion to Extend Time. The Commission bears the burden to supply a reasonable basis for this request. *See* FED. R. CIV. P. 7(b)(1)(B); LR 7-2(d); *see also* Special Order 109 at 4 (requiring a separate document for each form of relief requested).

After hearing from the Commission, Defendants will be given an opportunity to respond, and the Commission will be given an opportunity to reply.

IT IS SO ORDERED.

DATED this 23rd day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE