**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Plaintiff, ) ) vs. ) ) BANC DE BINARY LTD. et al., ) ) Defendants. ) _____ ) | 2:13-cv-00993-RCJ-VCF **ORDER** |

This case arises out of the alleged trading of unregistered securities. The Court has entered a preliminary injunction, ruling that although they are not in fact options, the "binary options" at issue are "securities" under the Securities Exchange Act of 1934, as amended. The Court has also granted offensive summary judgment against Defendants Oren Shabat Laurent, ET Binary Options Ltd., and BO Systems Ltd. Seychelles (collectively, "Liable Defendants"). All Defendants, including Banc de Binary Ltd. and BDB Services Ltd. Seychelles (collectively, "Remaining Defendants"), have objected under Civil Rule 72(a) to a discovery order (the "Order") issued by the Magistrate Judge. For the reasons given herein, the Court denies the objection.

## I.    LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred

>to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.  A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a).  "Under Rule 72(a), '[a] finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993))).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

## II.   DISCUSSION

Defendants argue that the Magistrate Judge clearly erred in ordering discovery against Liable Defendants in two ways.  First, Defendants argue that Plaintiff's allegation that all Defendants worked in concert is insufficient to support discovery against Liable Defendants for the purpose of discovering evidence of such cooperation.  The Court disagrees.  Discovery may be directed to any nonprivileged matter relevant to any claim or defense, even if not admissible at trial but reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).  Although Defendants argue that they did not work in concert, Plaintiff points to several pieces of evidence before the Magistrate Judge indicating that they did.  It was not clear error for the Magistrate Judge to find that further discovery would help prove the fact.  Nor does it matter that Liable Defendants no longer dispute their liability.  Remaining Defendants still dispute their liability.  Evidence of relationships between Remaining Defendants and Liable Defendants is

therefore relevant to Plaintiff's yet-unadjudicated claims that Remaining Defendants are liable.

Second, Defendants argue that the Magistrate Judge's conclusion that the stipulations of liability—now superseded by the summary judgment order—were not "final" was clearly erroneous. The Court disagrees. As Plaintiff notes, the stipulations of liability were only to be filed if and when Remaining Defendants settled, which never occurred. And although liability of Liable Defendants has now been established via the summary judgment order, the information sought via the motion to compel is relevant to the claims against Liable Defendants, because, as Plaintiff notes, only the fact of liability, not the amount, has been determined. Information concerning the amount of proceeds obtained by Liable Defendants via their unlawful acts has not yet been determined, and that amount is relevant to the claims against them, upon which final judgment has not yet been entered, because the remedy is disgorgement and civil fines.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 94) is DENIED.

IT IS FURTHER ORDERED that the Motion to Seal (ECF No. 97) is GRANTED.

IT IS SO ORDERED.

Dated this 16th day of December, 2014.

_____
ROBERT C. JONES
United States District Judge