**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SECURITIES & EXCHANGE COMMISSION,

          Plaintiff,

vs.

BANC DE BINARY, *et al.*,

          Defendants.

2:13–cv–993–RCJ–VCF

**ORDER**

MOTION FOR RULE 60(b) RELIEF (#111)

This matter involves the Securities and Exchange Commission's civil enforcement action against Banc de Binary, *et al.* for allegedly trading unregistered securities in violation of Section 5 of the Securities Act, 15 U.S.C. §§ 77e and section 15(a)(1) of the Exchange Act of 1934, 15 U.S.C. § 78o(a)(1). (Second Am. Compl. (#58) at ¶¶ 120–27[1]). Before the court Banc de Binary's Motion for Rule 60(b) Relief (#111). The Commission opposed (#114). No reply was filed. For the reasons stated below, Banc de Binary's motion is denied.

**BACKGROUND**

On July 11, 2014, the parties stipulated to a confidentiality agreement and protective order, which permitted the Commission to share information obtained during discovery with other governmental agencies. (Doc. #69 at 3:17–22, 13:2). The court approved the stipulated agreement on July 14, 2014. (*Id*.)

On July 15, 2014, the Commission served discovery requests on Banc de Binary, which led to a Motion to Compel (#70), an order from the magistrate judge compelling discovery (#92), objections to the magistrate judge's order (#94), and an order from the presiding district judge affirming the order

---

[1] Parenthetical citations refer to the court's docket.

(#103). At issue in the dispute is a discovery request seeking the identities of the Corporate Defendants' employees and the identity of the ultimately beneficial owner of one of the Corporate Defendants, BDB Services.

Now, Banc de Binary seeks Rule 60(b) relief from the stipulated confidentiality agreement and protective order. It asks the court to modify the order to prevent the Commission from sharing the identity of the employees and the ultimately beneficial owner of BDB Services with the U.S. Commodity Future Trading Commission, which brought a parallel action against Banc de Binary. *U.S. Commodity Futures Trading Comm'n v. Banc de Binary, Ltd., et al.*, 2:13-cv-00992-MMD-VCF (D. Nev. June 5, 2013). Banc de Binary argues that the stipulated order should be modified because it recently discovered that privacy laws in Cyprus, Israel, and the Seychelles prohibit Banc de Binary from disclosing the various individuals' identities.

## LEGAL STANDARD

Federal Rule of Civil Procedure 60 governs relief from a judgment or order. Rule 60(b)(2) states that the court may relief a party from an order if the movant comes forward with "newly discovered evidence that, with reasonably diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

In general, Rule 60(b) motions must be made within "a reasonable time." FED. R. CIV. P. 60(c)(1). If, as here, a party moves for relief under Rule 60(b)(2), a motion must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id*. What constitutes reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties. *Lemoge v. United States*, 587 F.3d 1188, 1196 (9th Cir. 2009) (citing *Ashford v. Steuari*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

A Rule 60 motion "is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); *Merozoite v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A party cannot have relief under this rule merely because he or she is unhappy with the judgment." *Khan v. Fasano*, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001). A decision under Rule 60(b) is consigned to the court's discretion. *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006).

## DISCUSSION

Banc de Binary's motion is denied for three reasons. First, the court finds that Banc de Binary's motion is not untimely. The Banc de Binary agreed to permit the Commission to share information obtained during discovery with other governmental agencies on July 11, 2014, which was nine months before it sought Rule 60 relief. (Doc. #69 at 13:2). Banc de Binary provided no reason why it could not have sought Rule 60 relief sooner. It seeks relief because it was "unbeknownst to Defendants" that privacy laws in Cyprus, Israel, and the Seychelles prohibit Banc de Binary from sharing information as the stipulated order permits. Ignorance of the law does not render a Rule 60 motion timely.

Second, Banc de Binary failed to produce "newly discovered evidence that, with reasonably diligence, could not have been discovered in time to move for a new trial." FED. R. CIV. P. 60(b)(2). There is no evidence at issue in Banc de Binary's motion. Banc de Binary moves for Rule 60 relief because it may be subjected to litigation in collateral matters in Cyprus, Israel, and the Seychelles if the stipulated protective order is not modified. This is not cognizable basis to seek Rule 60 relief. *See generally* FED. R. CIV. P. 60(b).

Third, Banc de Binary's stated reason for seeking relief is speculative and uncertain. Rule 60 is designed to correct clear error or prevent manifest injustice in the matter before the court. *ACandS, Inc.*, 5 F.3d at 1263. Here, Banc de Binary moves for Rule 60 relief because it may be subjected to litigation in collateral matters if the stipulated protective order is not modified. In support of its motion, Banc de Binary produced legal opinions by three law firms in Cyprus, Israel, and the Seychelles that discuss the local jurisdiction's privacy laws and state that litigation is a possible consequence of complying with the protective order. Rule 60 is not concerned with mere possibilities. *See generally* FED. R. CIV. P. 60(b); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (stating that a party may not seal records attached to dispositive motions even if the exposure of the records to the public will expose a party "to further litigation").

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Banc de Binary's Motion for Rule 60(b) Relief (#111) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of June, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE