JOHN W. BERRY (N.Y. Bar No. 2972610) (admitted *pro hac vice*)
Email:  berryj@sec.gov
AMY JANE LONGO (Cal. Bar No. 198304) (admitted *pro hac vice*)
Email:  longoa@sec.gov
LESLIE A. HAKALA  (Cal. Bar. No. 199414) (admitted *pro hac vice*)
Email:  hakalal@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
Lorraine Echavarria, Associate Regional Director
John W. Berry, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone:  (323) 965-3998
Facsimile:  (323) 965-3908

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BANC DE BINARY LTD, OREN SHABAT LAURENT (f/k/a OREN SHABAT), ET BINARY OPTIONS LTD., BO SYSTEMS LTD. SEYCHELLES and BDB SERVICES LTD. SEYCHELLES,<br><br>Defendants. | Case No.: 2:13-cv-00993-RCJ-VCF<br><br>**CONSENT TO FINAL JUDGMENT OF DEFENDANT BANC DE BINARY LTD** |

1.     Defendant Banc de Binary Ltd (the "Defendant") acknowledges that it is signing this Consent in conjunction with the settlement of this action and the settlement of the related, parallel action brought in this District by the Commodities Futures Trading Commission (the "CFTC") and captioned *Commodities Futures Trading Commission v. Banc de Binary Ltd.*,

1

1   2:13-CV-00992-MMD-VCF (D. Nev.) (the "CFTC Action").

2        2.     Defendant further acknowledges having been served with the Second Amended

3   Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over

4   Defendant and over the subject matter of this action.

5        3.     Without admitting or denying the allegations of the Second Amended Complaint

6   (except as provided herein in paragraph 18 and except as to personal and subject matter

7   jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment

8   in the form attached hereto as Exhibit 1 (the "Judgment") and incorporated by reference herein,

9   which, among other things:

10            (a)     permanently restrains and enjoins Defendant and each of its officers,

11   agents, successors or assigns, servants, employees and attorneys, and those persons in active

12   concert or participation with them who receive actual notice of the Judgment by personal service

13   or otherwise (including, but not limited to, defendants Oren Shabat Laurent (f/k/a Oren Shabat

14   and a/k/a Oren Shabat Cohen), ET Binary Options Ltd., BO Systems Ltd. Seychelles (and its

15   successor, Banc de Binary Ltd. Seychelles), and BDB Services Ltd. Seychelles) (collectively, the

16   "Enjoined Parties"), from:  (1) directly or indirectly, in the absence of any applicable exemption,

17   offering and/or selling "binary options," as that term is described in the Court's orders

18   preliminarily enjoining Defendant Banc de Binary Ltd and its affiliates (see Dkt. Nos. 28, 30) or

19   as that term was otherwise described on the "Banc de Binary" website (see, e.g., Dkt. No. 7, Ex.

20   B (Exs. 21, 22)), in the United States unless a registration statement is in effect as to such binary

21   options; (2) directly or indirectly offering and/or selling such "binary options" or other securities

22   in the United States as long as there is any amount due and owing by the Defendant under the

23   Judgment; or (3) violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15

24   U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:  (i) making

25   use of any means or instruments of transportation or communication in interstate commerce or of

26   the mails in the United States to sell a security through the use or medium of any prospectus or

27   otherwise, unless a registration statement is in effect as to such security; (ii) carrying or causing

28   to be carried through the mails or in interstate commerce, by any means or instruments of

1    transportation, any security for the purpose of sale or for delivery after sale, unless a registration

2    statement is in effect as to such security; or (iii) making use of any means or instruments of

3    transportation or communication in interstate commerce or of the mails to offer to sell or offer to

4    buy through the use or medium of any prospectus or otherwise any security, unless a registration

5    statement has been filed with the SEC as to such security, or while the registration statement is

6    the subject of a refusal order or stop order or (prior to the effective date of the registration

7    statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C.

8    § 77h, in violation of Section 5 of the Securities Act, 15 U.S.C. § 77e; and

9            (b)      permanently restrains and enjoins the Defendant and each of the Enjoined

10    Parties from, directly or indirectly, unless Defendant or any Enjoined Party is registered with the

11    SEC in accordance with Section 15(b) of the Securities Exchange Act of 1934 (the "Exchange

12    Act"), 15 U.S.C. § 78o(b), and in the absence of any applicable exemption, acting as a broker-

13    dealer in the United States or otherwise making use of the mails or any means or instrumentality

14    of interstate commerce to effect any transactions in, or to induce or attempt to induce the

15    purchase or sale of, any security (other than an exempted security or commercial paper, bankers'

16    acceptances, or commercial bills) in the United States, in violation of Section 15(a) of the

17    Exchange Act, 15 U.S.C. § 78o(a);

18            (c)      orders Defendant to pay, jointly and severally with its co-defendants in

19    this action, disgorgement in the amount of $7,100,000.00 (the "Disgorgement"), which amount is

20    paid in satisfaction of the total disgorgement/restitution award for both this action and the CFTC

21    Action, and which shall be paid as follows: $3,100,000.00 must be paid immediately upon entry

22    of the Judgment; $1,000,000.00 must be paid on or before February 29, 2016; $1,000,000.00

23    must be paid on or before August 31, 2016; $1,000,000.00 must be paid on or before February

24    28, 2017; and $1,000,000.00 must be paid on or before August 31, 2017; *provided, however*, that

25    the Defendant may elect to pay, in full or in part, any one of these payments before the due dates

26    set forth above; and

27            (d)      orders Defendant to pay a civil penalty in the amount of $150,000.00

28    immediately upon entry of the Judgment (the "Penalty").

4.     Defendant acknowledges that it, along with its co-defendants in this action and the CFTC Action, have placed $5,050,000.00 in escrow, and agrees that these funds will be released upon entry of the Judgment and paid in the manner set forth therein, with $3,100,00.00 of the escrowed funds to be paid toward Disgorgement immediately upon entry of the Judgment (as set forth above in paragraph 4(c)) and the remaining $1,950,000.00 of the escrowed funds to be paid toward the civil penalties owed, in aggregate, by Defendant and its co-defendants (including the Defendant's Penalty, as set forth above in paragraph 4(d)). Defendant further acknowledges and agrees that, if it fails to make any payment by the dates and/or in the amounts set forth in the Judgment, then all outstanding amounts due under the Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the SEC without further application to the Court.

5.     Defendant further agrees that it will deliver proof of payment through a letter from its counsel, Ifrah PLLC, on firm letterhead to counsel for the SEC, indicating the date on which a wire was sent from Ifrah PLLC's Client Account to the National Futures Association and the wire confirmation details, and enclosing evidence of the payment and identifying the case title, civil action number, name of this Court, Banc de Binary Ltd as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment. Such letter will be delivered on or before the date of payment, as specified herein. Receipt of such a letter by the NFA will constitute timely payment. To the extent Ifrah PLLC is no longer representing the Defendant, then the Defendant acknowledges and agrees that a payment to the National Futures Association is only deemed received according to the records of the National Futures Association showing a deposit into the "Banc de Binary – Restitution Fund."

6.     Defendant acknowledges that the Disgorgement and Penalty paid pursuant to the Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Defendant also consents to the appointment of National Futures Association, a self-regulatory organization subject to oversight by the CFTC, to act as the collection and distribution agent for any Fair Fund distribution. Regardless of whether any such Fair Fund distribution is made, the Penalty shall be treated as a penalty paid to the government

4

for all purposes, including all tax purposes. To preserve the deterrent effect of the Penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of Disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of the Penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the SEC directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against the Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Second Amended Complaint in this action.

7.      Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

8.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

10.      Defendant knowingly, intentionally and unconditionally accepts the Judgment in

1   all parts, including Defendant's obligations under the Judgment to pay, jointly and severally with

2   its co-defendants, the Disgorgement in the amount of $7,100,000.00 and to pay the Penalty in the

3   amount of $150,000.00 to the SEC (hereinafter, "Defendant's payment obligations under the

4   Judgment"). Defendant also knowingly, intentionally and unconditionally consents unreservedly

5   to the enforcement of the Judgment, and forever waives, forfeits and surrenders any and all

6   rights, privileges or opportunities that it might otherwise have had to challenge, contest or

7   dispute any aspect of the Judgment, its enforcement or this Consent in any jurisdiction or before

8   any tribunal whatsoever (including, but not limited to, jurisdictions or tribunals within or outside

9   the United States, such as jurisdictions and/or tribunals where the Defendant is incorporated,

10   conducts business or operations, maintains assets, pays taxes, or has any connection whatsoever,

11   including, but not limited to, the States of Israel, Cyprus, and Seychelles) (hereinafter, "any

12   jurisdiction or tribunal").

13        11.    Defendant further agrees and acknowledges, and does not contest or dispute that:

14   (a) the Court has jurisdiction over Defendant and has the authority and jurisdiction to enter the

15   Judgment against the Defendant; (b) Defendant is subject to the Judgment and was afforded the

16   right to be heard and to raise its arguments before the Court; (c) the Judgment is no longer

17   appealable; (d) the Judgment is executable in the United States and was rendered by a competent

18   Court according to the laws of the United States; (e) the Judgment may be enforced in any

19   foreign jurisdiction or tribunal in the same manner as a judgment delivered by a court of that

20   foreign jurisdiction or tribunal; (f) the substance of the Judgment is not contrary to public policy

21   principles in the United States or in any other jurisdiction or tribunal; (g) the Judgment has been

22   made on merit and was not issued due to a procedural default or other procedural reason; (h) the

23   Judgment was not obtained by fraud or undue influence; (i) the Judgment is not contradictory to

24   any other judgment that is still valid and was issued in this action, the CFTC Action or any other

25   matter between the parties; (j) except for the CFTC Action, there is no pending lawsuit or

26   proceeding regarding the same matter of this action and between the same parties before any

27   jurisdiction or tribunal; and (k) by consenting to the entry of the Judgment, the Judgment is *ipso*

28   *facto* executory in any foreign jurisdiction or tribunal, and the Judgment may be enforced in any

1  foreign jurisdiction or tribunal in the same manner as a judgment delivered by a court of that

2  foreign jurisdiction or tribunal without the Judgment being first declared to be executory by that

3  court.

4      12.    With respect to Defendant's payment obligations under the Judgment, Defendant

5  knowingly, intentionally and unconditionally:

6      (a)    agrees to cooperate with, and not to oppose, any effort by the SEC or any

7  party acting on behalf of the SEC, to collect payments due and owing under the Defendant's

8  payment obligations under the Judgment in any jurisdiction or tribunal;

9      (b)    consents to the entry of a confession of judgment, or conditional

10  judgment, in the forms attached hereto as <u>Exhibit 2</u>, so that the SEC, the CFTC, or a party acting

11  on either's behalf, can successfully collect payments due and owing under the Defendant's

12  payment obligations under the Judgment, and further agrees to and shall sign all forms attached

13  hereto as Exhibit 2 and cooperate with any effort taken by the SEC, the CFTC, or any party

14  acting on either's behalf, to enforce the Defendant's payment obligations under the Judgment in

15  any jurisdiction or tribunal; and

16      (c)    agrees to pay all attorney fees and other costs incurred by the SEC in any

17  jurisdiction or tribunal to collect any delinquent payments due and owing under the Defendant's

18  payment obligations under the Judgment pursuant to schedule set forth in the Judgment (and

19  such fees and costs must be paid within 30 days of receiving written notice from the SEC of such

20  fees and costs).

21      13.    Defendant enters into this Consent voluntarily and represents that no threats,

22  offers, promises, or inducements of any kind have been made by the SEC or any member,

23  officer, employee, agent, or representative of the SEC to induce Defendant to enter into this

24  Consent.

25      14.    Defendant agrees that this Consent shall be incorporated into the Judgment with

26  the same force and effect as if fully set forth therein.

27      15.    Defendant will not oppose the enforcement of the Judgment on the ground, if any

28  exists, that the Judgment fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure,

1  and hereby waives any objection based thereon.

2      16.   Defendant waives service of the Judgment and agrees that entry of the Judgment

3  by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms

4  and conditions. Defendant further agrees to provide counsel for the SEC, within thirty days after

5  the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that

6  Defendant has received and read a copy of the Judgment.

7      17.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

8  against Defendant in this civil proceeding. Defendant acknowledges that no promise or

9  representation has been made by the SEC or any member, officer, employee, agent, or

10  representative of the SEC with regard to any criminal liability that may have arisen or may arise

11  from the facts underlying this action or immunity from any such criminal liability. Defendant

12  waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the

13  imposition of any remedy or civil penalty herein. Defendant further acknowledges that the

14  Court's entry of a permanent injunction may have collateral consequences under federal or state

15  law and the rules and regulations of self-regulatory organizations, licensing boards, and other

16  regulatory organizations. Such collateral consequences include, but are not limited to, a statutory

17  disqualification with respect to membership or participation in, or association with a member of,

18  a self-regulatory organization. This statutory disqualification has consequences that are separate

19  from any sanction imposed in an administrative proceeding. In addition, in any disciplinary

20  proceeding before the SEC based on the entry of the injunction in this action, Defendant

21  understands that it shall not be permitted to contest the factual allegations of the Second

22  Amended Complaint in this action.

23      18.   Defendant understands and agrees to comply with the terms of 17 C.F.R. §

24  202.5(e), which provides in part that it is the SEC's policy "not to permit a defendant or

25  respondent to consent to a judgment or order that imposes a sanction while denying the

26  allegations in the Second Amended Complaint or order for proceedings," and "a refusal to admit

27  the allegations is equivalent to a denial, unless the defendant or respondent states that [it] neither

28  admits nor denies the allegations." As part of Defendant's agreement to comply with the terms

8

1  of Section 202.5(e),  Defendant:  (a) will not take any action or make or permit to be made any

2  public statement denying, directly or indirectly, any allegation in the Second Amended

3  Complaint or creating the impression that the Second Amended Complaint is without factual

4  basis; (b) will not make or permit to be made any public statement to the effect that Defendant

5  does not admit the allegations of the Second Amended Complaint, or that this Consent contains

6  no admission of the allegations, without also stating that Defendant does not deny the

7  allegations; and (c) upon the filing of this Consent, Defendant hereby withdraws any papers filed

8  in this action to the extent that they deny any allegation in the Second Amended Complaint.  If

9  Defendant breaches this agreement, the SEC may petition the Court to vacate the Judgment and

10  restore this action to its active docket.  Nothing in this paragraph affects Defendant's:  (a)

11  testimonial obligations; or (b) right to take legal or factual positions in litigation or other legal

12  proceedings in which the SEC is not a party.

13       19.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

14  Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

15  seek from the United States, or any agency, or any official of the United States acting in his or

16  her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

17  expenses, or costs expended by Defendant to defend against this action.  For these purposes,

18  Defendant agrees that Defendant is not the prevailing party in this action since the parties have

19  reached a good faith settlement.

20       20.     Defendant also agrees that (a) service of any papers filed in any jurisdiction or

21  tribunal by the SEC or any party acting on behalf of the SEC to collect payments due and owing

22  under the Defendant's payment obligations under the Judgment may be made by email and/or

23  regular mail on A. Jeff Ifrah, Ifrah PLLC, 1717 Pennsylvania Avenue, N.W., Suite 650,

24  Washington, D.C. 20006; jeff@ifrahlaw.com; and (b) any service accomplished in the above-

25  described manner is sufficient and binding on the Defendant under the governing law of the

26  applicable jurisdiction, and Defendant waives any right to dispute or challenge such service.

27       21.     Defendant agrees that the SEC may present the Judgment to the Court for

28  signature and entry without further notice.

1     22.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

2 purpose of enforcing the terms of the Judgment.

3

4 Dated: January 12, 2016                 Banc de Binary Ltd

5                                         By: _____

6                                         Oren Shabat Laurent

7                                         Director and Shareholder of Band de Binary Ltd
                                        31 Sasha Argov St., Tel Aviv, Israel

8

9 I, __Evita Lamprou__ , am a licensed lawyer in __Cyprus__,

10 with the title of __Associate Lawyer__ at __SOTERIS FLOURENTZOS & ASSOCIATES LLC__

11 I hereby affirm that Banc de Binary Ltd's decision to execute and enter into this Consent has

12 been made in accordance with the law and pursuant to all the relevant corporate documents and

13 the relevant Companies laws.  I further affirm that Oren Shabat Laurent has been lawfully

14 appointed to sign this Consent on behalf of Banc de Binary Ltd, and I affirm that his signing on

15 this Consent is with the authorization of Banc de Binary Ltd's Board of Directors ("BOD"),

16 according to the resolution of the BOD in its meeting on __11 December 2015__ to

17 approve the Consent and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is

18 therefore legally binding. I hereby affirm that on __12 January 2016__ , Mr. Oren

19 Shabat Laurent appeared before me and is known to me, affirmed his signature on this Consent,

20 and has signed it before me in my presence.

21

22                               Name: __Evita Lamprou__

23                                 Title: __Lawyer__

24                                 Address: __Spyridonos Lambrou 20__
                                                  __3106 Limassol__

25 **Signed in Limassol Cyprus**            __Cyprus__

26                               Signed (or sealed) this day in my presence by

27                               Oren Shabat Laurent

28                               As the Certifying Officer, I certify only the signature which appears on document and assume no responsibility for the content of this document. In testimony whereof I have hereto set my hand and Official seal this __14__ Day of __January__ 20.__16__ (I..S.)  € 5.00

             10

                              PANAGIOTIS ALEXANDROU
                              Certifying Officer



This is to certify that the signature P. ALEXANDROU appearing above is the signature of P. ALEXANDROU a Certifying Officer of Limassol, appointed by the Minister of the Interior of the Republic of Cyprus, under the Certifying officers Law, 165(1) 2012, to certify signatures and seals and that the seal opposite the said signature is that of the Certifying Officer of Limassol. The District Officer certifies only the signature and the seal of the Certifying Officer and assumes no responsibility for the content of the document.
LIMASSOL - CYPRUS

Date __1 3 JAN 2016__

District Officer

ADONIS KYRIAKOU

---

**APOSTILLE**
(Convention de La Haye du 5 Octobre 1961)

1. Country CYPRUS
   This is public document

2. has been signed by ................................................. ADONIS KYRIAKOU

3. acting in the capacity of District Officer

4. bears the seal / stamp of the District Officer

   Certified

5. at Limassol                                6. the ..... 1 3 JAN 2016

7. by ..... Despo Xenofontos

8. No LM ..... 2 1 5 8 / 1 6

9. Seal / Stamp:                              10. Signatures:

   .....................                      .....................
                                             Permanent Secretary
                                             Ministry of Justice and Public Order

1 | Approved as to form:

2

3 | A. Jeff Ifrah, Esq.
Ifrah PLLC
4 | 1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006-2004
5 | Telephone: (202) 524-4147
*Attorney for Defendant*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT 1

**(Judgment)**

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

        vs.

BANC DE BINARY LTD, OREN SHABAT LAURENT (f/k/a OREN SHABAT), ET BINARY OPTIONS LTD., BO SYSTEMS LTD. SEYCHELLES and BDB SERVICES LTD. SEYCHELLES,

        Defendants.

Case No.:  2:13-cv-00993-RCJ-VCF

**FINAL JUDGMENT AS TO DEFENDANT BANC DE BINARY LTD**

      The Securities and Exchange Commission ("SEC"), having filed a Second Amended Complaint, and Defendant Banc de Binary Ltd (the "Defendant"), having entered a general appearance, consented to the Court's jurisdiction over Defendant and the subject matter of this

1  action, consented to entry of this Final Judgment without admitting or denying the allegations of

2  the Second Amended Complaint (except as to jurisdiction), waived findings of fact and

3  conclusions of law, and waived any right to appeal from this Final Judgment:

4  **I.**

5       IT IS ORDERED, ADJUDGED, AND DECREED that Defendant be and hereby is

6  permanently restrained and enjoined from:

7       (a) directly or indirectly, in the absence of any applicable exemption, offering

8  and/or selling in the United States "binary options," as that term is described in the Court's

9  orders preliminarily enjoining Defendant Banc de Binary Ltd and its affiliates (*see* Dkt. Nos. 28,

10  30) or as that term was otherwise described on the "Banc de Binary" website (*see, e.g.*, Dkt. No.

11  7, Ex. B (Exs. 21, 22)), unless a registration statement is in effect as to such binary options;

12       (b) directly or indirectly offering and/or selling in the United States such "binary

13  options" or other securities as long as there is any amount due and owing by the Defendant under

14  this Judgment; or

15       (c) violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15

16  U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

17       (i) making use of any means or instruments of transportation or

18  communication in interstate commerce or of the mails in the United States to sell a security

19  through the use or medium of any prospectus or otherwise, unless a registration statement is in

20  effect as to such security;

21       (ii) carrying or causing to be carried through the mails or in interstate

22  commerce, by any means or instruments of transportation, any security for the purpose of sale or

23  for delivery after sale, unless a registration statement is in effect as to such security; or

24       (iii)  making use of any means or instruments of transportation or

25  communication in interstate commerce or of the mails to offer to sell or offer to buy through the

26  use or medium of any prospectus or otherwise any security, unless a registration statement has

27  been filed with the SEC as to such security, or while the registration statement is the subject of a

28  refusal order or stop order or (prior to the effective date of the registration statement) any public

1    proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h, in violation of

2    Section 5 of the Securities Act, 15 U.S.C. § 77e.

3        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

4    Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds any of the

5    following who receive actual notice of this Final Judgment by personal service or otherwise:  (a)

6    the Defendant's officers, agents, servants, employees and attorneys, and (b) other persons in

7    active concert or participation with Defendant or with anyone described in (a), which necessarily

8    includes, but is not limited to, defendants Oren Shabat Laurent (f/k/a Oren Shabat and a/k/a Oren

9    Shabat Cohen), ET Binary Options Ltd., BO Systems Ltd. Seychelles (and its successor, Banc de

10   Binary Ltd. Seychelles), and BDB Services Ltd. Seychelles.

11                                            **II.**

12        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant be and

13   hereby is permanently restrained and enjoined from, directly or indirectly, unless the Defendant

14   is registered with the SEC in accordance with Section 15(b) of the Securities Exchange Act of

15   1934 (the "Exchange Act"), 15 U.S.C. § 78o(b), and in the absence of any applicable exemption,

16   acting as a broker and/or a dealer in the United States or otherwise making use of the mails or

17   any means or instrumentality of interstate commerce to effect any transactions in, or to induce or

18   attempt to induce the purchase or sale of, any security, including "binary options" (other than an

19   exempted security or commercial paper, bankers' acceptances, or commercial bills), in the

20   United States, in violation of Section 15(a) of the Securities Exchange Act, 15 U.S.C. § 78o(a).

21        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

22   Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds any of the

23   following who receive actual notice of this Final Judgment by personal service or otherwise:  (a)

24   the Defendant's officers, agents, servants, employees and attorneys, and (b) other persons in

25   active concert or participation with Defendant or with anyone described in (a), which necessarily

26   includes, but is not limited to, defendants Oren Shabat Laurent (f/k/a Oren Shabat and a/k/a Oren

27   Shabat Cohen), ET Binary Options Ltd., BO Systems Ltd. Seychelles (and its successor, Banc de

28   Binary Ltd. Seychelles), and BDB Services Ltd. Seychelles.

1

### III.

2       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant,

3   jointly and severally with each of its co-defendants in this action, is liable for disgorgement of

4   $7,100,000.00, representing the disgorgeable proceeds resulting from the conduct alleged in the

5   Second Amended Complaint.  This disgorgement amount represents the total amount of

6   disgorgement that Defendant is being ordered to pay, jointly and severally with each of its co-

7   defendants, in this action and in the related, parallel action brought in this District by the

8   Commodities Futures Trading Commission (the "CFTC") and captioned *Commodities Futures*

9   *Trading Commission v. Banc de Binary Ltd.*, 2:13-CV-00992-MMD-VCF (D. Nev.) (the "CFTC

10  Action").

11      Defendant shall satisfy this obligation by paying, jointly and severally with each of its co-

12  defendants in this action, $7,100,000.00 to the National Futures Association, a self-regulatory

13  organization subject to oversight by the CFTC, in the manner set forth below and in accordance

14  with the schedule set forth in paragraph V below.

15      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

16  is liable for a civil penalty in the amount of $150,000.00 pursuant to Section 20(d) of the

17  Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. §

18  78u(d)(3).  Defendant shall satisfy this obligation by paying $150,000.00 to the National Futures

19  Association immediately upon entry of this Final Judgment.

20      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

21  shall make all payments (in satisfaction of its payment obligations for both disgorgement and

22  civil penalties, and any applicable interest thereon) to the National Futures Association in the

23  name "Banc de Binary – Restitution Fund" and shall send such payments by electronic funds

24  transfer, or by U.S. postal money order, certified check, bank cashier's, or bank money order, to

25  the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite

26  1800, Chicago, Illinois 60606 under cover letter that identifies the payment and the name and

27  docket number of this proceeding.

28      When each payment is made, Defendant shall simultaneously transmit a letter to the

1   SEC's counsel in this action enclosing evidence of the payment and identifying the case title,

2   civil action number, name of this Court, Banc de Binary Ltd as a defendant in this action, and

3   specifying that payment is made pursuant to this Final Judgment.

4        By making these payments, Defendant relinquishes all legal and equitable right, title, and

5   interest in such funds and no part of the funds shall be returned to Defendant.

6        The SEC may enforce the Court's judgment for disgorgement by moving for civil

7   contempt (and/or through other collection procedures authorized by law) at any time after 14

8   days following the date any payment for disgorgement is due but not paid in full under the terms

9   of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts

10  pursuant to 28 U.S.C. § 1961.

11                                            **IV.**

12       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the National Futures

13  Association shall hold the funds collected from payments from the Defendant (and its co-

14  defendants) in this action for disgorgement and civil penalties, together with any interest and

15  income earned thereon (collectively, the "Fund"), pending further order of the Court.  The SEC,

16  or the CFTC in the CFTC Action, may propose a plan to distribute the Fund subject to the

17  approval of the court where a plan is proposed.  Such a plan may provide that the Fund shall be

18  distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of

19  2002.  If the SEC staff or the CFTC staff determines that all or part of the Fund will not be

20  distributed, the National Futures Association shall send such funds paid pursuant to this Final

21  Judgment to the United States Treasury.

22       Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

23  paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the

24  government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

25  civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

26  damages in any Related Investor Action based on Defendant's payment of disgorgement in this

27  action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such

28  compensatory damages award by the amount of any part of Defendant's payment of a civil

1   penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

2   a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

3   Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the

4   United States Treasury or to a Fair Fund, as the SEC directs.  Such a payment shall not be

5   deemed an additional civil penalty and shall not be deemed to change the amount of the civil

6   penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor

7   Action" means a private damages action brought against Defendant by or on behalf of one or

8   more investors based on substantially the same facts as alleged in the Second Amended

9   Complaint in this action.

10                                                   **V.**

11        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay,

12   jointly and severally with each of its co-defendants in this action, the total disgorgement due in

13   this action and the CFTC Action of $7,100,000.00 in five installments according to the following

14   schedule: (1) $3,100,000.00 shall be paid immediately upon entry of this Final Judgment; (2)

15   $1,000,000.00 shall be paid on or before February 29, 2016; (3) $1,000,000.00 shall be paid on

16   or before August 31, 2016; (4) $1,000,000.00 shall be paid on or before February 28, 2017; and

17   (5) $1,000,000.00 shall be paid on or before August 31, 2017; *provided, however*, that the

18   Defendant may elect to pay, in full or in part, any one of these payments before the due dates set

19   forth above.  Payments shall be deemed made pursuant to the terms of paragraph 6 of the

20   Defendant's Consent, and shall be applied first to post judgment interest, which accrues pursuant

21   to 28 U.S.C. § 1961 on any unpaid amounts not paid on or before the amount is due under the

22   terms of this Final Judgment.  Prior to making the final payment set forth herein, Defendant shall

23   contact the staff of the SEC for the amount due for the final payment.

24        If Defendant fails to make any payment by the date agreed and/or in the amount agreed

25   according to the schedule set forth above, all outstanding disgorgement and/or civil penalty

26   payments under this Final Judgment, including post-judgment interest, minus any payments

27   made, shall become due and payable immediately at the discretion of the staff of the SEC

28   without further application to the Court.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment, except that the Court overseeing the CFTC Action shall have and retain jurisdiction over the administration of any distribution of the Fund by the National Futures Association.

**VIII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  February 23, 2016

_____
UNITED STATES DISTRICT JUDGE
ROBERT C. JONES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT 2

**(Foreign Papers)**

Serial No. 71-2016

מספר סידורי  71-2016

## AUTHENTICATION OF SIGNATURE

I the undersigned, Seagull Cohen, Notary, at 11 Tuval st. Ramat Gan, 52522 hereby certify that on February 17th 2016 there appeared before me at my office Mr. OHAD TZKHORI whose identity was proved to me by Passport no. 20733620 issued by Authority- I.C. at TEL-AVIV-YAFO on Feb 11th 2013 And signed of his own free will the attached document marked A1-A10.

In witness whereof I hereby authenticate the signature of Mr. OHAD TZKHORI by my own signature and seal today February 17th 2016.

Fees paid: 194 NIS including VAT.

## אימות חתימה

אני החתומה מטה סיגל כהן, נוטריון מתובל 11, רמת גן, 52522, מאשרת כי ביום 17/2/2016 ניצב לפני במשרדי מר אוהד צחורי שזהותו הוכחה לי על פי דרכון מספר 20733620 שהוצא על ידי סמכות ממונה דרכונים בתל אביב-יפו ביום 11/2/2013 וחתם מרצונו החופשי על המסמך המצורף והמסומן באות א1-א10.

ולראיה הנני מאמתת את חתימתו של מר אוהד צחורי בחתימת ידי ובחותמי, היום 17/2/2016.

שכרי בסך  194 ש"ח כולל מע"מ שולם.





חתימת הנוטריון
**Signature**

חותם הנוטריון
**Notary's Seal**

אתי באסל
ETI BASEL
1 8 -02- 2016
Tel-Aviv תל אביב

אתי באסל
ETI BASEL
1 8 -02- 2016
תל אביב Tel-Aviv

# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. STATE OF ISRAEL | 1. מדינת ישראל |
| This public document | מסמך ציבורי זה |
| 2. Has been signed by | 2. נחתם בידי |
| Advocate _S. Cohen_ | ע"י _ש. כהן_ |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון. |
| 4. Bears the seal/stamp of | 4. נושא את החותם/החותמת |
| the above Notary | של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Tel Aviv Jaffa | 5. בבית משפט השלום בתל אביב יפו |
| 6. Date _____ | 6. ביום _____ |
| 7. By an official appointed by | 7. על ידי מי שמונה בידי שר |
| Minister of Justice under the | המשפטים לפי חוק הנוטריונם, |
| Notaries Law, 1976 | התשל"ו - 1976 |
| 8. Serial number _26052_ | 8. מס' סידורי _____ |
| 9. Seal/Stamp _____ | 9. החותם / החותמת _____ |
| 10. Signature _____ | 10. חתימה _____ |

1 8 -02- 2016

אתי באסל
ETI BASEL
1 8 -02- 2016
ונל אביב Tel-Aviv

אתי באסל
ETI BASEL
1 8 -02- 2016
תל אביב Tel-Aviv

## DECLARATION OF BANC DE BINARY LTD.,
## E.T. BINARY OPTIONS LTD., BO SYSTEMS LTD.,
## BDB SERVICES LTD., AND OREN LAURENT SHABAT
## <u>AS TO ENFORCEMENT OF CONSENT ORDER IN SEYCHELLES</u>

We the undersigned, and each and every one of us, after having been cautioned that I must state the truth and that if I fail to do so I will be subject to the penalties prescribed by law, hereby declare in writing as follows:

WHEREAS, On May 6, 2014, the plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission" or "Plaintiff"), an independent agency of the federal government of the United States of America, filed a civil *Amended Complaint For Injunctive And Other Equitable Relief And For Civil Monetary Penalties Under The Commodity Exchange Act And Commission Regulations* against defendants Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (collectively, the "Defendants") in the United States District Court for the District of Nevada (hereinafter, "Amended Complaint").  The case is captioned *CFTC v. Banc de Binary, Ltd., et al.*, Case No. 2:13-cv-00992-MMD-VCF (D. Nev.)

WHEREAS, The Amended Complaint charged Defendants with violations of the Commodity Exchange Act ("CEA") under Title 7 of the United States Code, 7 U.S.C. §§ 1 *et seq.* (2012), and the Commission's regulation ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2015), and sought injunctive and other equitable relief, as well as the imposition of civil penalties for Defendants violations of the CEA and Regulations.

WHEREAS, The CFTC and the Defendants entered into a *"Consent Order For Permanent Injunction, Civil Monetary Penalty And Other Equitable Relief Against Defendants"* (hereinafter, "Consent Order").  A true and correct copy of the Consent Order is attached hereto as Exhibit 1.

WHEREAS, The Consent Order, among other things, orders that Defendants to pay, jointly and severally, $7,100,000 million in restitution to Defendants U.S. customers ("Restitution Obligation") pursuant to the terms set forth in the Consent Order.

THEREFORE, For the purposes of any proceeding filed in the Republic of Seychelles, or any other jurisdiction, court or tribunal, to enforce the terms of the Consent Order, we the Defendants – Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (also known as Oren Shabat and Oren Cohen) – knowingly, intentionally, and unconditionally agree, without the benefit of discussion, that:

1.      Each and every one of the paragraphs of the Consent Order, Paragraphs 1 through 118, is incorporated by reference herein as if fully repeated and set forth as this Paragraph 1.

2.    The Consent Order is capable of execution in the United States District Court for the District of Nevada ("United States District Court"), and all other federal district courts, state or other courts or tribunals located in the United States of America or any of its territories.

3.    The Consent Order is a final judgment, not subject to appeal.

4.    The Consent Order is executable in the United States, and the Consent Order was rendered by a competent court according to the laws of the United States.

5.    For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court had personal jurisdiction over each and every one of us, and subject matter jurisdiction over the case in its entirety and for all purposes, including the entry of the Consent Order. Pursuant to the Consent Order, we as Defendants have consented to the United States District Court's continued jurisdiction over us for the purpose of implementing and enforcing the terms and conditions of the Consent Order, and for any other purpose relevant to the action, even if we, individually or collectively, reside outside the jurisdiction of the United States District Court.

6.    For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court applied the correct law to the matter up to and comprising the Consent Order, including the law as set forth in the statutes of the United States (including U.S. Federal Rules of Civil Procedure and Title VII of the United States Code), the federal common law, as well as in the "Conclusions of Law" contained in Paragraphs 49 through 87 of the Consent Order. We will not dispute or contest that the law applied to the case, including the Consent Order, was in accordance and compliance with Seychelles private international law.

7.    For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), including the Consent Order, all our rights as Defendants were respected. Each and every one of us (a) was duly served with the summons and Amended Complaint; (b) retained counsel who ably represented us throughout the matter and proceedings up to and including the Consent Order; (c) submitted to the jurisdiction of the United States District Court; (d) were afforded the right to be heard and raise arguments before the Court; (e) willingly and voluntarily entered into the Consent Order under no duress whatsoever; and (f) fully read and agreed to the Consent Order voluntarily, and no promise (other than as specifically contained therein), or threat, was made or has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce us to consent to the Consent Order.

8.    The Consent Order is not contrary to any fundamental rule of public policy in the United States, Seychelles, or any other jurisdiction, and is not adverse to any fundamental concept of Seychelles law.

9.    No fraud or undue influence was used to induce us to enter into the Consent Order.

10.    Each and every one of us acknowledges, consents and agrees that the

2



Consent Order is *ipso facto* executory under Seychelles laws, and may be enforced in Seychelles in the same manner as a judgment delivered by a court of Seychelles, without the Consent Order and judgment being first declared to be executory by a Seychelles court.

11.     Each and every one of us accepts the Defendants' Restitution Obligation under the terms of the Consent Order, jointly and severally, and consents unreservedly to the enforcement thereof in the courts of Seychelles.

12.     Each and every one of us forever waives, forfeits and surrenders any and all rights, privileges, or opportunities that we might otherwise have had to challenge, contest or dispute the validity, the enforceability or the collectability of Defendants' Restitution Obligation in any jurisdiction or before any tribunal whatsoever including, but not limited to, jurisdictions or tribunals within the Republic of Seychelles.

13.     We confirm that we will not oppose any application in any Seychelles Court to enforce the terms of the Consent Order for any reason whatsoever, whether now known or hereafter arising, it being our aim and intention that the execution of this declaration be evidence of our good faith and our commitment to abide by the terms of the Consent Order. We further waive our right to any form of recourse or challenge against the Consent Order in Seychelles or in any territory under the jurisdiction of the laws of Seychelles. Defendants shall be given credit for amounts paid towards its Restitution Obligation reflected in the Consent Order.

14.     This Declaration is made for use in the Supreme Court of Seychelles, and any other court in the Republic of Seychelles, and any other jurisdiction, court or tribunal.

15.     We hereby waive the legal requirement for leave to be obtained to serve us out of the jurisdiction of the Seychelles Courts at any time and irrevocably designate the Registry of the Supreme Court of Seychelles as the address for service on us of any action, process, notice, motion or pleading by the Plaintiffs herein as are filed in the territory of Seychelles or as are required to be served on us in or from Seychelles, and we hereby confirm that such service will constitute good and regular service on us notwithstanding that we have not been notified of such service by the said Registry of the Supreme Court of Seychelles and notwithstanding that we may have at any time after the execution of this declaration given notice to the Plaintiffs herein, or to the said Registry of the Supreme Court of Seychelles, or both, that we desire service to be effected in any other manner, or that we repudiate, for whatever reason, the address for service herein given.



CONSENTED TO AND
APPROVED BY:

ATTORNEYS FOR PLAINTIFF
U.S. COMMODITY FUTURES
TRADING COMMISSION

By: /s/ Margaret Aisenbrey

Kathleen Banar
(202) 418-5335
(202) 418-5987 facsimile
kbanar@cftc.gov
(Ill. Bar No. 6200597)

Margaret Aisenbrey
(816) 960-7749
(816) 960-7751 facsimile
maisenbrey@cftc.gov
(Mo. Bar No. 59560)

Kim G. Bruno
(202) 418-5368
(202) 418-5987 facsimile
kbruno@cftc.gov
(DC. Bar No.389899)

U.S. Commodity Futures Trading
Commission
1155 21st Street NW
Washington, D.C. 20581

Blaine T. Welsh (NV Bar No.
4790)
Assistant United States Attorney
United States Attorney's Office
333 Las Vegas Boulevard, Suite
5000
Las Vegas, Nevada 89101
blaine.welsh@usdoj.gov
(702) 388-6336
(702) 388-6787 (facsimile)

ATTORNEYS FOR
DEFENDANTS BANC DE
BINARY LTD., ET BINARY
OPTIONS LTD., BO
SYSTEMS LTD., BDB
SERVICES LTD., AND OREN
SHABAT LAURENT (A/K/A
OREN SHABAT AND OREN
COHEN)

By: /s/ A. Jeff Ifrah

A. Jeff Ifrah
jeff@ifrahlaw.com
Rachel Hirsch
rhirsch@ifrahlaw.com

IFRAH PLLC
1717 Pennsylvania Avenue
Suite 650
Washington, D.C. 20006
Telephone: 202-524-4140
Facsimile: 202-521-4141

Craig S. Denney
Snell & Wilmer L.L.P.
50 West Liberty Street, Suite
510
Reno, NV 89501
775-785-5440 (office)
775-785-5411 (direct)
775-785-5441 (fax)
cdenney@swlaw.com
(NV Bar No. 6953)

4



**DEFENDANTS**

DEFENDANT Oren Shabat Laurent
By: Oren Shabat Laurent
31 Sasha Argov St.
Tel Aviv, Israel

I hereby confirm that on _17/1 1 0/1_ [date], Mr. Oren Shabat Laurent,
has appeared before me and is known to me; affirmed his signature on this Consent; and has
signed it before me in my presence.

Ohad Tekhori, Advocate
License No. 46498

Ohad Tekhori
ADVOCATE
38 Tuval St., Ramat Gan Israel

DEFENDANT Banc de Binary, Ltd.
By: Oren Shabat Laurent, Shareholder
of Defendant Banc de Binary Ltd.
Kanika International Business Centre,
Office 401, Profiti Ilias 4, Germasogeia
4046, Limassol, Cyprus

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that Banc de Binary, Ltd.'s decision to execute and enter into this

5

Consent has been made in accordance with the law and pursuant to all the relevant corporate documents and the relevant Companies laws. I further affirm that Oren Shabat Laurent has been lawfully appointed to sign this Consent on behalf of Banc de Binary, Ltd., and I affirm that his signing on this Consent is with the authorization of Banc de Binary, Ltd.'s Board of Directors, according to the resolution of the Banc de Binary, Ltd. Board of Directors in its meeting on _____ [date] to approve the Consent and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I hereby confirm that on _____ [date], Mr. Oren Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this Consent; and has signed it before me in my presence.

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

6



DEFENDANT ET Binary Options,
Ltd.
By: Oren Shabat Laurent, Director
and Shareholder of Defendant ET
Binary Options, Ltd.
38 Tuval St., Ramat Gan, Israel

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that ET Binary Options, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws. I further affirm that Oren Shabat Laurent has

been lawfully appointed to sign this Consent on behalf of ET Binary Options, Ltd., and I

affirm that his signing on this Consent is with the authorization of ET Binary Options, Ltd.'s

Board of Directors, according to the resolution of the ET Binary Options, Ltd.'s Board of

Directors in its meeting on _____ [date] to approve the Consent and to

authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on _____ [date], Mr. Oren Shabat Laurent, has

appeared before me and is known to me; affirmed his signature on this Consent; and has

signed it before me in my presence.

[Signature] _____

[Name] _____

[Title] _____

[Address] _____

_____

_____

7



_____

**DEFENDANT BO Systems Ltd.,**
**By: Banc De Binary Limited,**
**Seychelles Registration No. 102922**
**(formerly named and registered as BO**
**Systems, Ltd., Seychelles Registration**
**No. 102922), 106 Premier Building,**
**Victoria, Meha, Seychelles**

**By:  Oren Shabat Laurent**
**Ultimate Beneficiary Shareholder of**
**Banc De Binary Limited, Seychelles**
**Registration No.  102922 (formerly**
**named and registered as BO Systems,**
**Ltd., Seychelles Registration No.**
**102922), 31 Sasha Argove St., Tel**
**Aviv, Israel**

I, _____, am a licensed lawyer in _____, with the title of _____ at [company, firm]. I hereby affirm that the decision of BO Systems, Ltd. Seychelles (now named and registered as Banc De Binary Limited, Seychelles) to execute and enter into this Consent Order has been made in accordance with the law and pursuant to all the relevant corporate documents and the relevant Companies laws. I further affirm that BO Systems, Ltd. in Seychelles, by resolution of its Board of Directors ("BOD"), changed its name to Banc De Binary Limited Seychelles. I affirm that, despite the name change, Banc De Binary Limited Seychelles is the one and the same company as Defendant BO Systems, Ltd., Seychelles, and maintains the same company Registration No. of 102922. I further affirm that Oren Shabat Laurent has been lawfully appointed to sign this Consent Order on behalf of BO Systems, Ltd., Seychelles (now named and registered as Banc De Binary Limited, Seychelles), according to the resolution of the BOD in its meeting on _____ to approve the Consent Order and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I hereby confirm that on _____ [date], Mr. Oren Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this Consent; and has signed it before me in my presence.

8



[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

_____

**DEFENDANT BdB Services, Ltd.
By: Sandrine Marie Claudia Rassool,
Sole Director and Shareholder of
Defendant BdB Services, Ltd.
106 Premier Building, Victoria, Meha,
Seychelles**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that BdB Services, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws. I further affirm that Sandrine Marie Claudia

Rassool has been lawfully appointed to sign this Consent on behalf of BdB Services, Ltd.,

and I affirm that her signing on this Consent is with the authorization of BdB Services, Ltd.'s

Board of Directors, according to the resolution of the BdB Services, Ltd.'s Board of Directors

in its meeting on _____ [date] to approve the Consent and to authorize Ms.

Sandrine Marie Claudia Rassool to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on _____ [date], Ms. Sandrine Marie Claudia Rassool,

has appeared before me and is known to me; affirmed her signature on this Consent; and has

signed it before me in my presence.

[Signature] _____

[Name]_____

9

10



Serial No. 72-2016

מספר סידורי 72-2016

## AUTHENTICATION OF SIGNATURE

## אימות חתימה

I the undersigned, Seagull Cohen, Notary, at 11 Tuval st. Ramat Gan, 52522 hereby certify that on February 17th 2016 there appeared before me at my office Mr. OHAD TZKHORI whose identity was proved to me by Passport no. 20733620 issued by Authority- I.C. at TEL-AVIV-YAFO on Feb 11th 2013 And signed of his own free will the attached document marked A1-A10.

In witness whereof I hereby authenticate the signature of Mr. OHAD TZKHORI by my own signature and seal today February 17th 2016.

Fees paid: 194 NIS including VAT.

אני החתומה מטה סיגל כהן, נוטריון מתובל 11, רמת גן, 52522, מאשרת כי ביום 17/2/2016 ניצב לפני במשרדי מר אוהד צחורי שזהותו הוכחה לי על פי דרכון מספר 20733620 שהוצא על ידי סמכות ממונה דרכונים בתל אביב-יפו ביום 11/2/2013 וחתם מרצונו החופשי על המסמך המצורף והמסומן באות A1-A10.

ולראיה הנני מאמתת את חתימתו של מר אוהד צחורי בחתימת ידי ובחותמי, היום 17/2/2016.

שכרי בסך 194 ש"ח כולל מע"מ שולם.





חתימת הנוטריון
Signature

חותם הנוטריון
Notary's Seal

מסמך זה הופק במשרד סיגל כהן, משרד עו"ד ונוטריון רחוב תובל 11, רמת גן
טל' 03-6138555 פקס 03-6138550



אתי באסל
ETI BASEL
1 8 -02- 2016
Tel-Aviv תל אביב

אתי באסל
ETI BASEL
1 8 -02- 2016
Tel-Aviv תל אביב

## APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

**1. STATE OF ISRAEL**

This public document

2. Has been signed by

Advocate   S. Cohen

3. Acting in capacity of Notary

4. Bears the seal/stamp of

the above Notary

**Certified**

5. At the Magistrates Court of Tel Aviv Jaffa

6. Date _____ 1 8 -02- 2016

7. By an official appointed by

Minister of Justice under the

Notaries Law, 1976

8. Serial number 38053

9. Seal/Stamp

10. Signature

מדינת ישראל .1

מסמך ציבורי זה

נחתם בידי .2

ע"י-ד

המכהן בתור נוטריון .3

נושא את החותם/החותמת .4

של הנוטריון הנ"ל

**אושר**

בבית משפט השלום בתל אביב יפו .5

ביום .6

על ידי מי שמונה בידי שר .7

המשפטים לפי חוק הנוטריונים,

התשל"ו - 1976

מס' סידורי .8

החותם / החותמת .9

חתימה .10

אתי באסל
ETI BASEL
1 8 -02- 2016
Tel-Aviv תל אביב

אתי באסל
ETI BASEL
1 8 -02- 2016
Tel-Aviv תל אביב

$A_1 - M_1$

## DECLARATION OF BANC DE BINARY LTD.,
## E.T. BINARY OPTIONS LTD., BO SYSTEMS LTD.,
## BDB SERVICES LTD., AND OREN LAURENT SHABAT
## AS TO ENFORCEMENT OF CONSENT ORDER IN SEYCHELLES

We the undersigned, and each and every one of us, after having been cautioned that I must state the truth and that if I fail to do so I will be subject to the penalties prescribed by law, hereby declare in writing as follows:

WHEREAS, On May 6, 2014, the plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission" or "Plaintiff"), an independent agency of the federal government of the United States of America, filed a civil *Amended Complaint For Injunctive And Other Equitable Relief And For Civil Monetary Penalties Under The Commodity Exchange Act And Commission Regulations* against defendants Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (collectively, the "Defendants") in the United States District Court for the District of Nevada (hereinafter, "Amended Complaint"). The case is captioned *CFTC v. Banc de Binary, Ltd., et al.*, Case No. 2:13-cv-00992-MMD-VCF (D. Nev.)

WHEREAS, The Amended Complaint charged Defendants with violations of Commodity Exchange Act ("CEA") under Title 7 of the United States Code. U.S.C. §§ 1 *et seq.* (2012), and the Commission's regulation ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2015), and sought injunctive and equitable relief, as well as the imposition of civil penalties for Defendants [viola]tions of the CEA and Regulations.

WHEREAS, The CFTC and the Defendants entered into a *"Consent Order [For] Permanent Injunction, Civil Monetary Penalty And Other Equitable Relief [Again]st Defendants"* (hereinafter, "Consent Order"). A true and correct copy of the [Conse]nt Order is attached hereto as Exhibit 1.

WHEREAS, The Consent Order, among other things, orders that Defendants [pay], jointly and severally, $7,100,000 million in restitution to Defendants U.S. [custom]ers ("Restitution Obligation") pursuant to the terms set forth in the Consent

THEREFORE, For the purposes of any proceeding filed in the Republic of [Seych]elles, or any other jurisdiction, court or tribunal, to enforce the terms of the [Conse]nt Order, we the Defendants – Banc de Binary Ltd., ET Binary Options Ltd., [BO Sy]stems Ltd., BDB Services Ltd., and Oren Shabat Laurent (also known as Oren [Laurent] and Oren Cohen) – knowingly, intentionally, and unconditionally agree, [for] the benefit of discussion, that:

1.    Each and every one of the paragraphs of the Consent Order, [paragra]phs 1 through 118, is incorporated by reference herein as if fully repeated and [set fort]h as this Paragraph 1.

1

... final judgment, not subject to appeal.

This Consent Order is executable in the United States, and the Consent ... by a competent court according to the laws of the United States.

5.     For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court had personal jurisdiction over each and every one of us, and subject matter jurisdiction over the case in its entirety and for all purposes, including the entry of the Consent Order.  Pursuant to the Consent Order, we as Defendants have consented to the United States District Court's continued jurisdiction over us for the purpose of implementing and enforcing the terms and conditions of the Consent Order, and for any other purpose relevant to the action, even if we, individually or collectively, reside outside the jurisdiction of the United States District Court.

6.     For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court applied the correct law to the matter up to and comprising the Consent Order, including the law as set forth in the statutes of the United States (including U.S. Federal Rules of Civil Procedure and Title VII of the United States Code), the federal common law, as well as in the "Conclusions of Law" contained in Paragraphs 49 through 87 of the Consent Order.  We will not dispute or contest that the law applied to the case, including the Consent Order, was in accordance and compliance with Seychelles private international law.

7.     For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), including the Consent Order, all our rights as Defendants were respected.  Each and every one of us (a) was duly served with the summons and Amended Complaint; (b) retained counsel who ably represented us throughout the matter and proceedings up to and including the Consent Order; (c) submitted to the jurisdiction of the United States District Court; (d) were afforded the right to be heard and raise arguments before the Court; (e) willingly and voluntarily entered into the Consent Order under no duress whatsoever; and (f) fully read and agreed to the Consent Order voluntarily, and no promise (other than as specifically contained therein), or threat, was made or has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce us to consent to the Consent Order.

8.     The Consent Order is not contrary to any fundamental rule of public policy in the United States, Seychelles, or any other jurisdiction, and is not adverse to any fundamental concept of Seychelles law.

9.     No fraud or undue influence was used to induce us to enter into the Consent Order.

10.     Each and every one of us acknowledges, consents and agrees that the

2

Consent Order is *ipso facto* executory under Seychelles laws, and may be enforced in Seychelles in the same manner as a judgment delivered by a court of Seychelles, without the Consent Order and judgment being first declared to be executory by a Seychelles court.

11.     Each and every one of us accepts the Defendants' Restitution Obligation under the terms of the Consent Order, jointly and severally, and consents unreservedly to the enforcement thereof in the courts of Seychelles.

12.     Each and every one of us forever waives, forfeits and surrenders any and all rights, privileges, or opportunities that we might otherwise have had to challenge, contest or dispute the validity, the enforceability or the collectability of Defendants' Restitution Obligation in any jurisdiction or before any tribunal whatsoever including, but not limited to, jurisdictions or tribunals within the Republic of Seychelles.

13.     We confirm that we will not oppose any application in any Seychelles Court to enforce the terms of the Consent Order for any reason whatsoever, whether now known or hereafter arising, it being our aim and intention that the execution of this declaration be evidence of our good faith and our commitment to abide by the terms of the Consent Order. We further waive our right to any form of recourse or challenge against the Consent Order in Seychelles or in any territory under the jurisdiction of the laws of Seychelles.  Defendants shall be given credit for amounts paid towards its Restitution Obligation reflected in the Consent Order.

14.     This Declaration is made for use in the Supreme Court of Seychelles, and any other court in the Republic of Seychelles, and any other jurisdiction, court or tribunal.

15.     We hereby waive the legal requirement for leave to be obtained to serve us out of the jurisdiction of the Seychelles Courts at any time and irrevocably designate the Registry of the Supreme Court of Seychelles as the address for service on us of any action, process, notice, motion or pleading by the Plaintiffs herein as are filed in the territory of Seychelles or as are required to be served on us in or from Seychelles, and we hereby confirm that such service will constitute good and regular service on us notwithstanding that we have not been notified of such service by the said Registry of the Supreme Court of Seychelles and notwithstanding that we may have at any time after the execution of this declaration given notice to the Plaintiffs herein, or to the said Registry of the Supreme Court of Seychelles, or both, that we desire service to be effected in any other manner, or that we repudiate, for whatever reason, the address for service herein given.



CONSENTED TO AND
APPROVED BY:

ATTORNEYS FOR PLAINTIFF
U.S. COMMODITY FUTURES
TRADING COMMISSION

By: /s/ Margaret Aisenbrey

Kathleen Banar
(202) 418-5335
(202) 418-5987 facsimile
kbanar@cftc.gov
(Ill. Bar No. 6200597)

Margaret Aisenbrey
(816) 960-7749
(816) 960-7751 facsimile
maisenbrey@cftc.gov
(Mo. Bar No. 59560)

Kim G. Bruno
(202) 418-5368
(202) 418-5987 facsimile
kbruno@cftc.gov
(DC. Bar No.389899)

U.S. Commodity Futures Trading
Commission
1155 21st Street NW
Washington, D.C. 20581

Blaine T. Welsh (NV Bar No.
4790)
Assistant United States Attorney
United States Attorney's Office
333 Las Vegas Boulevard, Suite
5000
Las Vegas, Nevada 89101
blaine.welsh@usdoj.gov
(702) 388-6336
(702) 388-6787 (facsimile)

ATTORNEYS FOR
DEFENDANTS BANC DE
BINARY LTD., ET BINARY
OPTIONS LTD., BO
SYSTEMS LTD., BDB
SERVICES LTD., AND OREN
SHABAT LAURENT (A/K/A
OREN SHABAT AND OREN
COHEN)

By: /s/ A. Jeff Ifrah

A. Jeff Ifrah
jeff@ifrahlaw.com
Rachel Hirsch
rhirsch@ifrahlaw.com

IFRAH PLLC
1717 Pennsylvania Avenue
Suite 650
Washington, D.C. 20006
Telephone: 202-524-4140
Facsimile: 202-521-4141

Craig S. Denney
Snell & Wilmer L.L.P.
50 West Liberty Street, Suite
510
Reno, NV 89501
775-785-5440 (office)
775-785-5411 (direct)
775-785-5441 (fax)
cdenney@swlaw.com
(NV Bar No. 6953)



## DEFENDANTS

_____

**DEFENDANT Oren Shabat Laurent**
**By: Oren Shabat Laurent**
**31 Sasha Argov St.**
**Tel Aviv, Israel**

I hereby confirm that on _____ [date], Mr. Oren Shabat Laurent,

has appeared before me and is known to me: affirmed his signature on this Consent: and has

signed it before me in my presence.

_____

Seagull Cohen
ADV and Notary
11 Tuval St., Ramat Gan Israel

x _____

**DEFENDANT Banc de Binary, Ltd.**
**By: Oren Shabat Laurent, Shareholder**
**of Defendant Banc de Binary Ltd.**
**Kanika International Business Centre,**
**Office 401, Profiti Ilias 4, Germasogeia**
**4046, Limassol, Cyprus**

I, Ohal Tekhori _____, am a licensed lawyer in

Israel _____, with the title of Advocate _____ at [company,

firm]. I hereby affirm that Banc de Binary, Ltd.'s decision to execute and enter into this

5

Consent has been made in accordance with the law and pursuant to all the relevant corporate documents and the relevant Companies laws.  I further affirm that Oren Shabat Laurent has been lawfully appointed to sign this Consent on behalf of Banc de Binary, Ltd., and I affirm that his signing on this Consent is with the authorization of Banc de Binary, Ltd.'s Board of Directors, according to the resolution of the Banc de Binary, Ltd. Board of Directors in its meeting on _12/11/2015_ [date] to approve the Consent and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I hereby confirm that on _14/2/2016_ [date], Mr. Oren Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this Consent; and has signed it before me in my presence.

Ohad Tzkhori, Advocate
License No. 46498

[Signature] _____

[Name] _Ohad Tzkhori_____

[Title] _Advocate_____

[Address] _38 tuval St. Rt_____

_Israel_____

_____

6



_____

**DEFENDANT ET Binary Options, Ltd.**
**By: Oren Shabat Laurent, Director**
**and Shareholder of Defendant ET**
**Binary Options, Ltd.**
**38 Tuval St., Ramat Gan, Israel**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that ET Binary Options, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws. I further affirm that Oren Shabat Laurent has

been lawfully appointed to sign this Consent on behalf of ET Binary Options, Ltd., and I

affirm that his signing on this Consent is with the authorization of ET Binary Options, Ltd.'s

Board of Directors, according to the resolution of the ET Binary Options, Ltd.'s Board of

Directors in its meeting on _____ [date] to approve the Consent and to

authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on _____ [date], Mr. Oren Shabat Laurent, has

appeared before me and is known to me; affirmed his signature on this Consent; and has

signed it before me in my presence.

[Signature] _____

[Name] _____

[Title] _____

[Address] _____

_____

_____

7

---

**DEFENDANT BO Systems Ltd.,
By: Banc De Binary Limited,
Seychelles Registration No. 102922
(formerly named and registered as BO
Systems, Ltd., Seychelles Registration
No. 102922), 106 Premier Building,
Victoria, Meha, Seychelles**

**By: Oren Shabat Laurent
Ultimate Beneficiary Shareholder of
Banc De Binary Limited, Seychelles
Registration No. 102922 (formerly
named and registered as BO Systems,
Ltd., Seychelles Registration No.
102922), 31 Sasha Argove St., Tel
Aviv, Israel**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that the decision of BO Systems, Ltd. Seychelles (now named and

registered as Banc De Binary Limited, Seychelles) to execute and enter into this Consent

Order has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws. I further affirm that BO Systems, Ltd. in

Seychelles, by resolution of its Board of Directors ("BOD"), changed its name to Banc De

Binary Limited Seychelles. I affirm that, despite the name change, Banc De Binary Limited

Seychelles is the one and the same company as Defendant BO Systems, Ltd., Seychelles, and

maintains the same company Registration No. of 102922. I further affirm that Oren Shabat

Laurent has been lawfully appointed to sign this Consent Order on behalf of BO Systems,

Ltd., Seychelles (now named and registered as Banc De Binary Limited, Seychelles),

according to the resolution of the BOD in its meeting on _____ to approve the

Consent Order and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is

therefore legally binding. I hereby confirm that on _____ [date], Mr. Oren

Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this

Consent; and has signed it before me in my presence.

8

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

_____

**DEFENDANT BdB Services, Ltd.**
**By: Sandrine Marie Claudia Rassool,**
**Sole Director and Shareholder of**
**Defendant BdB Services, Ltd.**
**106 Premier Building, Victoria, Mehn,**
**Seychelles**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that BdB Services, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws.  I further affirm that Sandrine Marie Claudia

Rassool has been lawfully appointed to sign this Consent on behalf of BdB Services, Ltd.,

and I affirm that her signing on this Consent is with the authorization of BdB Services, Ltd.'s

Board of Directors, according to the resolution of the BdB Services, Ltd.'s Board of Directors

in its meeting on _____ [date] to approve the Consent and to authorize Ms.

Sandrine Marie Claudia Rassool to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on _____ [date], Ms. Sandrine Marie Claudia Rassool,

has appeared before me and is known to me; affirmed her signature on this Consent; and has

signed it before me in my presence.

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____



10

Serial No. 73-2016

מספר סידורי  73-2016

### AUTHENTICATION OF SIGNATURE

### אימות חתימה

I the undersigned, Seagull Cohen, Notary, at 11 Tuval st. Ramat Gan, 52522 hereby certify that on February 17ᵗʰ 2016 there appeared before me at my office Mr. OHAD TZKHORI whose identity was proved to me by Passport no. 20733620 issued by Authority- I.C. at TEL-AVIV-YAFO on Feb 11ᵗʰ 2013 And signed of his own free will the attached document marked A1-A10.

In witness whereof I hereby authenticate the signature of Mr. OHAD TZKHORI by my own signature and seal today February 17ᵗʰ 2016.

Fees paid: 194 NIS including VAT.

אני החתומה מטה סיגל כהן, נוטריון מתובל 11, רמת גן, 52522, מאשרת כי ביום 17/2/2016 ניצב לפני במשרדי מר אוהד צחורי שזהותו הוכחה לי על פי דרכון מספר 20733620 שהוצא על ידי סמכות ממונה דרכונים בתל אביב-יפו ביום 11/2/2013 וחתם מרצונו החופשי על המסמך המצורף והמסומן באות א1-א10.

ולראיה הנני מאמתת את חתימתו של מר אוהד צחורי בחתימת ידי ובחותמי, היום 17/2/2016.

שכרי בסך 194 ש"ח כולל מע"מ שולם.





חתימת הנוטריון
**Signature**

חותם הנוטריון
**Notary's Seal**

מסמך זה הופק במשרד סיגל כהן, משרד עו"ד ונוטריון רחוב תובל 11, רמת גן
טל' 03-6138555 פקס 03-6138550



# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

| | |
|---|---|
| 1. STATE OF ISRAEL | 1. מדינת ישראל |
| This public document | מספר ציבורי זה |
| 2. Has been signed by | 2. נחתם ע"י |
| Advocate S. Cohen | עו"ד ס.כהן |
| 3. Acting in capacity of Notary | 3. המכהן בתור נוטריון |
| 4. Bears the seal/stamp of | 4. נושא את החותם/החותמת |
| the above Notary | של הנוטריון הנ"ל |
| **Certified** | **אושר** |
| 5. At the Magistrates Court of Tel Aviv Jaffa | 5. בבית משפט השלום בתל אביב יפו |
| 6. Date   18-02-2016 | 6. ביום |
| 7. By an official appointed by | 7. על ידי מי שמונה בידי שר |
| the Minister of Justice under the | המשפטים לפי חוק הנוטריונים, |
| Notaries Law, 1976 | התשל"ו – 1976 |
| 8. Serial number | 8. מס' סידורי |
| 9. Seal/Stamp | 9. החותם / החותמת |
| 10. Signature | 10. חתימה |

$A_\wedge - \alpha_\wedge$

### DECLARATION OF BANC DE BINARY LTD.,
### E.T. BINARY OPTIONS LTD., BO SYSTEMS LTD.,
### BDB SERVICES LTD., AND OREN LAURENT SHABAT
### <u>AS TO ENFORCEMENT OF CONSENT ORDER IN SEYCHELLES</u>

We the undersigned, and each and every one of us, after having been cautioned that I must state the truth and that if I fail to do so I will be subject to the penalties prescribed by law, hereby declare in writing as follows:

WHEREAS, On May 6, 2014, the plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission" or "Plaintiff"), an independent agency of the federal government of the United States of America, filed a civil *Amended Complaint For Injunctive And Other Equitable Relief And For Civil Monetary Penalties Under The Commodity Exchange Act And Commission Regulations* against defendants Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (collectively, the "Defendants") in the United States District Court for the District of Nevada (hereinafter, "Amended Complaint"). The case is captioned *CFTC v. Banc de Binary, Ltd., et al.*, Case No. 2:13-cv-00992-MMD-VCF (D. Nev.)

WHEREAS, The Amended Complaint charged Defendants with violations of the Commodity Exchange Act ("CEA") under Title 7 of the United States Code, 7 U.S.C. §§ 1 *et seq.* (2012), and the Commission's regulation ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2015), and sought injunctive and other equitable relief, as well as the imposition of civil penalties for Defendants violations of the CEA and Regulations.

WHEREAS, The CFTC and the Defendants entered into a *"Consent Order For Permanent Injunction, Civil Monetary Penalty And Other Equitable Relief Against Defendants"* (hereinafter, "Consent Order"). A true and correct copy of the Consent Order is attached hereto as Exhibit 1.

WHEREAS, The Consent Order, among other things, orders that Defendants to pay, jointly and severally, $7,100,000 million in restitution to Defendants U.S. customers ("Restitution Obligation") pursuant to the terms set forth in the Consent Order.

THEREFORE, For the purposes of any proceeding filed in the Republic of Seychelles, or any other jurisdiction, court or tribunal, to enforce the terms of the Consent Order, we the Defendants – Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (also known as Oren Shabat and Oren Cohen) – knowingly, intentionally, and unconditionally agree, without the benefit of discussion, that:

1. Each and every one of the paragraphs of the Consent Order, Paragraphs 1 through 118, is incorporated by reference herein as if fully repeated and set forth as this Paragraph 1.

2.      The Consent Order is capable of execution in the United States District Court for the District of Nevada ("United States District Court"), and all other federal district courts, state or other courts or tribunals located in the United States of America or any of its territories.

3.      The Consent Order is a final judgment, not subject to appeal.

4.      The Consent Order is executable in the United States, and the Consent Order was rendered by a competent court according to the laws of the United States.

5.      For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court had personal jurisdiction over each and every one of us, and subject matter jurisdiction over the case in its entirety and for all purposes, including the entry of the Consent Order.  Pursuant to the Consent Order, we as Defendants have consented to the United States District Court's continued jurisdiction over us for the purpose of implementing and enforcing the terms and conditions of the Consent Order, and for any other purpose relevant to the action, even if we, individually or collectively, reside outside the jurisdiction of the United States District Court.

6.      For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court applied the correct law to the matter up to and comprising the Consent Order, including the law as set forth in the statutes of the United States (including U.S. Federal Rules of Civil Procedure and Title VII of the United States Code), the federal common law, as well as in the "Conclusions of Law" contained in Paragraphs 49 through 87 of the Consent Order.  We will not dispute or contest that the law applied to the case, including the Consent Order, was in accordance and compliance with Seychelles private international law.

7.      For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), including the Consent Order, all our rights as Defendants were respected.  Each and every one of us (a) was duly served with the summons and Amended Complaint; (b) retained counsel who ably represented us throughout the matter and proceedings up to and including the Consent Order; (c) submitted to the jurisdiction of the United States District Court; (d) were afforded the right to be heard and raise arguments before the Court; (e) willingly and voluntarily entered into the Consent Order under no duress whatsoever; and (f) fully read and agreed to the Consent Order voluntarily, and no promise (other than as specifically contained therein), or threat, was made or has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce us to consent to the Consent Order.

8.      The Consent Order is not contrary to any fundamental rule of public policy in the United States, Seychelles, or any other jurisdiction, and is not adverse to any fundamental concept of Seychelles law.

9.      No fraud or undue influence was used to induce us to enter into the Consent Order.

10.     Each and every one of us acknowledges, consents and agrees that the

Consent Order is *ipso facto* executory under Seychelles laws, and may be enforced in Seychelles in the same manner as a judgment delivered by a court of Seychelles, without the Consent Order and judgment being first declared to be executory by a Seychelles court.

11.     Each and every one of us accepts the Defendants' Restitution Obligation under the terms of the Consent Order, jointly and severally, and consents unreservedly to the enforcement thereof in the courts of Seychelles.

12.     Each and every one of us forever waives, forfeits and surrenders any and all rights, privileges, or opportunities that we might otherwise have had to challenge, contest or dispute the validity, the enforceability or the collectability of Defendants' Restitution Obligation in any jurisdiction or before any tribunal whatsoever including, but not limited to, jurisdictions or tribunals within the Republic of Seychelles.

13.     We confirm that we will not oppose any application in any Seychelles Court to enforce the terms of the Consent Order for any reason whatsoever, whether now known or hereafter arising, it being our aim and intention that the execution of this declaration be evidence of our good faith and our commitment to abide by the terms of the Consent Order. We further waive our right to any form of recourse or challenge against the Consent Order in Seychelles or in any territory under the jurisdiction of the laws of Seychelles.  Defendants shall be given credit for amounts paid towards its Restitution Obligation reflected in the Consent Order.

14.     This Declaration is made for use in the Supreme Court of Seychelles, and any other court in the Republic of Seychelles, and any other jurisdiction, court or tribunal.

15.     We hereby waive the legal requirement for leave to be obtained to serve us out of the jurisdiction of the Seychelles Courts at any time and irrevocably designate the Registry of the Supreme Court of Seychelles as the address for service on us of any action, process, notice, motion or pleading by the Plaintiffs herein as are filed in the territory of Seychelles or as are required to be served on us in or from Seychelles, and we hereby confirm that such service will constitute good and regular service on us notwithstanding that we have not been notified of such service by the said Registry of the Supreme Court of Seychelles and notwithstanding that we may have at any time after the execution of this declaration given notice to the Plaintiffs herein, or to the said Registry of the Supreme Court of Seychelles, or both, that we desire service to be effected in any other manner, or that we repudiate, for whatever reason, the address for service herein given.



3

CONSENTED TO AND
APPROVED BY:

ATTORNEYS FOR PLAINTIFF
U.S. COMMODITY FUTURES
TRADING COMMISSION

By: /s/ Margaret Aisenbrey

Kathleen Banar
(202) 418-5335
(202) 418-5987 facsimile
kbanar@cftc.gov
(Ill. Bar No. 6200597)

Margaret Aisenbrey
(816) 960-7749
(816) 960-7751 facsimile
maisenbrey@cftc.gov
(Mo. Bar No. 59560)

Kim G. Bruno
(202) 418-5368
(202) 418-5987 facsimile
kbruno@cftc.gov
(DC. Bar No.389899)

U.S. Commodity Futures Trading
Commission
1155 21ˢᵗ Street NW
Washington, D.C. 20581

Blaine T. Welsh (NV Bar No.
4790)
Assistant United States Attorney
United States Attorney's Office
333 Las Vegas Boulevard, Suite
5000
Las Vegas, Nevada 89101
blaine.welsh@usdoj.gov
(702) 388-6336
(702) 388-6787 (facsimile)

ATTORNEYS FOR
DEFENDANTS BANC DE
BINARY LTD., ET BINARY
OPTIONS LTD., BO
SYSTEMS LTD., BDB
SERVICES LTD., AND OREN
SHABAT LAURENT (A/K/A
OREN SHABAT AND OREN
COHEN)

By: /s/ A. Jeff Ifrah

A. Jeff Ifrah
jeff@ifrahlaw.com
Rachel Hirsch
rhirsch@ifrahlaw.com

IFRAH PLLC
1717 Pennsylvania Avenue
Suite 650
Washington, D.C. 20006
Telephone: 202-524-4140
Facsimile: 202-521-4141

Craig S. Denney
Snell & Wilmer L.L.P.
50 West Liberty Street, Suite
510
Reno, NV 89501
775-785-5440 (office)
775-785-5411 (direct)
775-785-5441 (fax)
cdenney@swlaw.com
(NV Bar No. 6953)



## DEFENDANTS

_____

**DEFENDANT Oren Shabat Laurent**
**By: Oren Shabat Laurent**
**31 Sasha Argov St.**
**Tel Aviv, Israel**

I hereby confirm that on _____ [date], Mr. Oren Shabat Laurent,

has appeared before me and is known to me; affirmed his signature on this Consent; and has

signed it before me in my presence.

_____

Seagull Cohen
ADV and Notary
11 Tuval St., Ramat Gan Israel

_____

**DEFENDANT Banc de Binary, Ltd.**
**By: Oren Shabat Laurent, Shareholder**
**of Defendant Banc de Binary Ltd.**
**Kanika International Business Centre,**
**Office 401, Profiti Ilias 4, Germasogeia**
**4046, Limassol, Cyprus**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that Banc de Binary, Ltd.'s decision to execute and enter into this

5

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws.  I further affirm that Oren Shabat Laurent has

been lawfully appointed to sign this Consent on behalf of Banc de Binary, Ltd., and I affirm

that his signing on this Consent is with the authorization of Banc de Binary, Ltd.'s Board of

Directors, according to the resolution of the Banc de Binary, Ltd. Board of Directors in its

meeting on _____ [date] to approve the Consent and to authorize Mr. Oren

Shabat Laurent to sign it on its behalf, and is therefore legally binding. I hereby confirm that

on _____ [date], Mr. Oren Shabat Laurent, has appeared before me and is

known to me; affirmed his signature on this Consent; and has signed it before me in my

presence.

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____



6

DEFENDANT ET Binary Options,
Ltd.
By: Oren Shabat Laurent, Director
and Shareholder of Defendant ET
Binary Options, Ltd.
38 Tuval St., Ramat Gan, Israel

I, Ohad Tzkhori, am a licensed lawyer in

ISRAEL, with the title of Advocate at [company,

firm]. I hereby affirm that ET Binary Options, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws.  I further affirm that Oren Shabat Laurent has

been lawfully appointed to sign this Consent on behalf of ET Binary Options, Ltd., and I

affirm that his signing on this Consent is with the authorization of ET Binary Options, Ltd.'s

Board of Directors, according to the resolution of the ET Binary Options, Ltd.'s Board of

Directors in its meeting on 17/1/2016 [date] to approve the Consent and to

authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on 17/2/2016 [date], Mr. Oren Shabat Laurent, has

appeared before me and is known to me; affirmed his signature on this Consent; and has

signed it before me in my presence.

Ohad Tzkhori, Advocate
License No. 46498

[Signature] _____

[Name] Ohad Tzkhori

[Title] Advocate

[Address] 38 Tuval St. Rt

ISRAEL

_____

7

*A₈ - A₈*

---

**DEFENDANT BO Systems Ltd.,
By: Banc De Binary Limited,
Seychelles Registration No. 102922
(formerly named and registered as BO
Systems, Ltd., Seychelles Registration
No. 102922), 106 Premier Building,
Victoria, Meha, Seychelles**

**By:  Oren Shabat Laurent
Ultimate Beneficiary Shareholder of
Banc De Binary Limited, Seychelles
Registration No.  102922 (formerly
named and registered as BO Systems,
Ltd., Seychelles Registration No.
102922), 31 Sasha Argove St., Tel
Aviv, Israel**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that the decision of BO Systems, Ltd. Seychelles (now named and

registered as Banc De Binary Limited, Seychelles) to execute and enter into this Consent

Order has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws.  I further affirm that BO Systems, Ltd. in

Seychelles, by resolution of its Board of Directors ("BOD"), changed its name to Banc De

Binary Limited Seychelles.  I affirm that, despite the name change, Banc De Binary Limited

Seychelles is the one and the same company as Defendant BO Systems, Ltd., Seychelles, and

maintains the same company Registration No. of 102922.  I further affirm that Oren Shabat

Laurent has been lawfully appointed to sign this Consent Order on behalf of BO Systems,

Ltd., Seychelles (now named and registered as Banc De Binary Limited, Seychelles),

according to the resolution of the BOD in its meeting on _____ to approve the

Consent Order and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is

therefore legally binding.  I hereby confirm that on _____ [date], Mr. Oren

Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this

Consent; and has signed it before me in my presence.

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

_____

**DEFENDANT BdB Services, Ltd.
By: Sandrine Marie Claudia Rassool,
Sole Director and Shareholder of
Defendant BdB Services, Ltd.
106 Premier Building, Victoria, Meha,
Seychelles**

I, _____, am a licensed lawyer in _____, with the title of _____ at [company, firm]. I hereby affirm that BdB Services, Ltd.'s decision to execute and enter into this Consent has been made in accordance with the law and pursuant to all the relevant corporate documents and the relevant Companies laws. I further affirm that Sandrine Marie Claudia Rassool has been lawfully appointed to sign this Consent on behalf of BdB Services, Ltd., and I affirm that her signing on this Consent is with the authorization of BdB Services, Ltd.'s Board of Directors, according to the resolution of the BdB Services, Ltd.'s Board of Directors in its meeting on _____ [date] to approve the Consent and to authorize Ms. Sandrine Marie Claudia Rassool to sign it on its behalf, and is therefore legally binding. I hereby confirm that on _____ [date], Ms. Sandrine Marie Claudia Rassool, has appeared before me and is known to me; affirmed her signature on this Consent; and has signed it before me in my presence.

[Signature] _____

[Name]_____

9

[Title]_____

[Address]_____

_____

_____



Serial No. 38-2016

מספר סידורי 38-2016

### AUTHENTICATION OF SIGNATURE

I the undersigned, Seagull Cohen, Adv.& Notary, at 11 Toval st. Ramat Gan, 52522 hereby certify that on January 31st 2016 there appeared before me at my office Mr. OHAD TZKHORI whose identity was proved to me by Passport no. 20733620 issued by Authority-I.C. at TEL-AVIV-YAFO on Feb 11th 2013 And signed of his own free will the attached document marked A1-A10.

In witness whereof I hereby authenticate the signature of Mr. OHAD TZKHORI by my own signature and seal today January 31st 2016.

Fees paid: 194 NIS including VAT.

### אימות חתימה

אני החתומה מטה סיגל כהן, עו"ד נוטריונית, מתובל 11, רמת גן, 52522, מאשרת כי ביום 31/1/2016 ניצב לפני במשרדי מר אוהד צחורי שזהותו הוכחה לי על פי דרכון מספר 20733620 שהוצא על ידי סמכות ממונה דרכונים בתל אביב-יפו ביום 11/2/2013 וחתם מרצונו החופשי על המסמך המצורף והמסומן באות א1-א10.

ולראיה הנני מאמתת את חתימתו של מר אוהד צחורי בחתימת ידי ובחותמי, היום 31/1/2016.

שכרי בסך 194 ש"ח כולל מע"מ שולם.



חתימת הנוטריון
Signature

חותם הנוטריון
Notary's Seal

מסמך זה הופק במשרד סיגל כהן, משרד עו"ד ונוטריון רחוב תובל 11, רמת גן
טל' 03-6138555 פקס 03-6138550



# APOSTILLE
(Convention de la Haye du 5 Octobre 1961)

1. DISTRICT CENTRE OF ISRAEL

This public document

2. Has been signed by

Advocate

3. Acting in capacity of Notary

4. bears the seal/stamp of

the above Notary

**Certified**

5. At the District Court of Tel Aviv Jaffa

6. Date _____

7. By an official appointed by

Minister of Justice under the

Notaries Law, 1976.

8. Serial number _____

9. Seal/Stamp

10. Signature

$A_\wedge - N_\wedge$

## DECLARATION OF BANC DE BINARY LTD.,
## E.T. BINARY OPTIONS LTD., BO SYSTEMS LTD.,
## BDB SERVICES LTD., AND OREN LAURENT SHABAT
## AS TO ENFORCEMENT OF CONSENT ORDER IN SEYCHELLES

We the undersigned, and each and every one of us, after having been cautioned that I must state the truth and that if I fail to do so I will be subject to the penalties prescribed by law, hereby declare in writing as follows:

WHEREAS, On May 6, 2014, the plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission" or "Plaintiff"), an independent agency of the federal government of the United States of America, filed a civil *Amended Complaint For Injunctive And Other Equitable Relief And For Civil Monetary Penalties Under The Commodity Exchange Act And Commission Regulations* against defendants Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (collectively, the "Defendants") in the United States District Court for the District of Nevada (hereinafter, "Amended Complaint"). The case is captioned *CFTC v. Banc de Binary, Ltd., et al.,* Case No. 2:13-cv-00992-MMD-VCF (D. Nev.)

WHEREAS, The Amended Complaint charged Defendants with violations of the Commodity Exchange Act ("CEA") under Title 7 of the United States Code, 7 U.S.C. §§ 1 *et seq.* (2012), and the Commission's regulation ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2015), and sought injunctive and other equitable relief, as well as the imposition of civil penalties for Defendants violations of the CEA and Regulations.

WHEREAS, The CFTC and the Defendants entered into a *"Consent Order For Permanent Injunction, Civil Monetary Penalty And Other Equitable Relief Against Defendants"* (hereinafter, "Consent Order"). A true and correct copy of the Consent Order is attached hereto as Exhibit 1.

WHEREAS, The Consent Order, among other things, orders that Defendants to pay, jointly and severally, $7,100,000 million in restitution to Defendants U.S. customers ("Restitution Obligation") pursuant to the terms set forth in the Consent Order.

THEREFORE, For the purposes of any proceeding filed in the Republic of Seychelles, or any other jurisdiction, court or tribunal, to enforce the terms of the Consent Order, we the Defendants – Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (also known as Oren Shabat and Oren Cohen) – knowingly, intentionally, and unconditionally agree, without the benefit of discussion, that:

1.    Each and every one of the paragraphs of the Consent Order, Paragraphs 1 through 118, is incorporated by reference herein as if fully repeated and set forth as this Paragraph 1.

$A_2 - \aleph_2$

2.     The Consent Order is capable of execution in the United States District Court for the District of Nevada ("United States District Court"), and all other federal district courts, state or other courts or tribunals located in the United States of America or any of its territories.

3.     The Consent Order is a final judgment, not subject to appeal.

4.     The Consent Order is executable in the United States, and the Consent Order was rendered by a competent court according to the laws of the United States.

5.     For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court had personal jurisdiction over each and every one of us, and subject matter jurisdiction over the case in its entirety and for all purposes, including the entry of the Consent Order.  Pursuant to the Consent Order, we as Defendants have consented to the United States District Court's continued jurisdiction over us for the purpose of implementing and enforcing the terms and conditions of the Consent Order, and for any other purpose relevant to the action, even if we, individually or collectively, reside outside the jurisdiction of the United States District Court.

6.     For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court applied the correct law to the matter up to and comprising the Consent Order, including the law as set forth in the statutes of the United States (including U.S. Federal Rules of Civil Procedure and Title VII of the United States Code), the federal common law, as well as in the "Conclusions of Law" contained in Paragraphs 49 through 87 of the Consent Order.  We will not dispute or contest that the law applied to the case, including the Consent Order, was in accordance and compliance with Seychelles private international law.

7.     For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), including the Consent Order, all our rights as Defendants were respected.  Each and every one of us (a) was duly served with the summons and Amended Complaint; (b) retained counsel who ably represented us throughout the matter and proceedings up to and including the Consent Order; (c) submitted to the jurisdiction of the United States District Court; (d) were afforded the right to be heard and raise arguments before the Court; (e) willingly and voluntarily entered into the Consent Order under no duress whatsoever; and (f) fully read and agreed to the Consent Order voluntarily, and no promise (other than as specifically contained therein), or threat, was made or has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce us to consent to the Consent Order.

8.     The Consent Order is not contrary to any fundamental rule of public policy in the United States, Seychelles, or any other jurisdiction, and is not adverse to any fundamental concept of Seychelles law.

9.     No fraud or undue influence was used to induce us to enter into the Consent Order.

10.     Each and every one of us acknowledges, consents and agrees that the

2



Consent Order is *ipso facto* executory under Seychelles laws, and may be enforced in Seychelles in the same manner as a judgment delivered by a court of Seychelles, without the Consent Order and judgment being first declared to be executory by a Seychelles court.

11.     Each and every one of us accepts the Defendants' Restitution Obligation under the terms of the Consent Order, jointly and severally, and consents unreservedly to the enforcement thereof in the courts of Seychelles.

12.     Each and every one of us forever waives, forfeits and surrenders any and all rights, privileges, or opportunities that we might otherwise have had to challenge, contest or dispute the validity, the enforceability or the collectability of Defendants' Restitution Obligation in any jurisdiction or before any tribunal whatsoever including, but not limited to, jurisdictions or tribunals within the Republic of Seychelles.

13.     We confirm that we will not oppose any application in any Seychelles Court to enforce the terms of the Consent Order for any reason whatsoever, whether now known or hereafter arising, it being our aim and intention that the execution of this declaration be evidence of our good faith and our commitment to abide by the terms of the Consent Order. We further waive our right to any form of recourse or challenge against the Consent Order in Seychelles or in any territory under the jurisdiction of the laws of Seychelles.  Defendants shall be given credit for amounts paid towards its Restitution Obligation reflected in the Consent Order.

14.     This Declaration is made for use in the Supreme Court of Seychelles, and any other court in the Republic of Seychelles, and any other jurisdiction, court or tribunal.

15.     We hereby waive the legal requirement for leave to be obtained to serve us out of the jurisdiction of the Seychelles Courts at any time and irrevocably designate the Registry of the Supreme Court of Seychelles as the address for service on us of any action, process, notice, motion or pleading by the Plaintiffs herein as are filed in the territory of Seychelles or as are required to be served on us in or from Seychelles, and we hereby confirm that such service will constitute good and regular service on us notwithstanding that we have not been notified of such service by the said Registry of the Supreme Court of Seychelles and notwithstanding that we may have at any time after the execution of this declaration given notice to the Plaintiffs herein, or to the said Registry of the Supreme Court of Seychelles, or both, that we desire service to be effected in any other manner, or that we repudiate, for whatever reason, the address for service herein given.

3



CONSENTED TO AND
APPROVED BY:

**ATTORNEYS FOR PLAINTIFF**
**U.S. COMMODITY FUTURES**
**TRADING COMMISSION**

By: /s/ Margaret Aisenbrey

Kathleen Banar
(202) 418-5335
(202) 418-5987 facsimile
kbanar@cftc.gov
(Ill. Bar No. 6200597)

Margaret Aisenbrey
(816) 960-7749
(816) 960-7751 facsimile
maisenbrey@cftc.gov
(Mo. Bar No. 59560)

Kim G. Bruno
(202) 418-5368
(202) 418-5987 facsimile
kbruno@cftc.gov
(DC. Bar No.389899)

U.S. Commodity Futures Trading
Commission
1155 21st Street NW
Washington, D.C. 20581

Blaine T. Welsh (NV Bar No.
4790)
Assistant United States Attorney
United States Attorney's Office
333 Las Vegas Boulevard, Suite
5000
Las Vegas, Nevada 89101
blaine.welsh@usdoj.gov
(702) 388-6336
(702) 388-6787 (facsimile)

**ATTORNEYS FOR**
**DEFENDANTS BANC DE**
**BINARY LTD., ET BINARY**
**OPTIONS LTD., BO**
**SYSTEMS LTD., BDB**
**SERVICES LTD., AND OREN**
**SHABAT LAURENT (A/K/A**
**OREN SHABAT AND OREN**
**COHEN)**

By: /s/ A. Jeff Ifrah

A. Jeff Ifrah
jeff@ifrahlaw.com
Rachel Hirsch
rhirsch@ifrahlaw.com

IFRAH PLLC
1717 Pennsylvania Avenue
Suite 650
Washington, D.C. 20006
Telephone: 202-524-4140
Facsimile: 202-521-4141

Craig S. Denney
Snell & Wilmer L.L.P.
50 West Liberty Street, Suite
510
Reno, NV 89501
775-785-5440 (office)
775-785-5411 (direct)
775-785-5441 (fax)
cdenney@swlaw.com
(NV Bar No. 6953)

4



## DEFENDANTS

_____

**DEFENDANT Oren Shabat Laurent**
**By: Oren Shabat Laurent**
**31 Sasha Argov St.**
**Tel Aviv, Israel**

I hereby confirm that on _____ [date], Mr. Oren Shabat Laurent,

has appeared before me and is known to me; affirmed his signature on this Consent; and has

signed it before me in my presence.

_____

Seagull Cohen
ADV and Notary
11 Tuval St., Ramat Gan Israel

_____

**DEFENDANT Banc de Binary, Ltd.**
**By: Oren Shabat Laurent, Shareholder**
**of Defendant Banc de Binary Ltd.**
**Kanika International Business Centre,**
**Office 401, Profiti Ilias 4, Germasogeia**
**4046, Limassol, Cyprus**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that Banc de Binary, Ltd.'s decision to execute and enter into this

5

Consent has been made in accordance with the law and pursuant to all the relevant corporate documents and the relevant Companies laws.  I further affirm that Oren Shabat Laurent has been lawfully appointed to sign this Consent on behalf of Banc de Binary, Ltd., and I affirm that his signing on this Consent is with the authorization of Banc de Binary, Ltd.'s Board of Directors, according to the resolution of the Banc de Binary, Ltd. Board of Directors in its meeting on _____ [date] to approve the Consent and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I hereby confirm that on _____ [date], Mr. Oren Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this Consent; and has signed it before me in my presence.

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

6



DEFENDANT ET Binary Options,
Ltd.
By: Oren Shabat Laurent, Director
and Shareholder of Defendant ET
Binary Options, Ltd.
38 Tuval St., Ramat Gan, Israel

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that ET Binary Options, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws.  I further affirm that Oren Shabat Laurent has

been lawfully appointed to sign this Consent on behalf of ET Binary Options, Ltd., and I

affirm that his signing on this Consent is with the authorization of ET Binary Options, Ltd.'s

Board of Directors, according to the resolution of the ET Binary Options, Ltd.'s Board of

Directors in its meeting on _____ [date] to approve the Consent and to

authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on _____ [date], Mr. Oren Shabat Laurent, has

appeared before me and is known to me; affirmed his signature on this Consent; and has

signed it before me in my presence.


[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

7

DEFENDANT BO Systems Ltd.,
By: Banc De Binary Limited,
Seychelles Registration No. 102922
(formerly named and registered as BO
Systems, Ltd., Seychelles Registration
No. 102922), 106 Premier Building,
Victoria, Meha, Seychelles

By:  Oren Shabat Laurent
Ultimate Beneficiary Shareholder of
Banc De Binary Limited, Seychelles
Registration No.  102922 (formerly
named and registered as BO Systems,
Ltd., Seychelles Registration No.
102922), 31 Sasha Argove St., Tel
Aviv, Israel

I, Obed Tekhin_____, am a licensed lawyer in

ISRAEL_____, with the title of Advocate__ at [company,

firm]. I hereby affirm that the decision of BO Systems, Ltd. Seychelles (now named and

registered as Banc De Binary Limited, Seychelles) to execute and enter into this Consent

Order has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws.  I further affirm that BO Systems, Ltd. in

Seychelles, by resolution of its Board of Directors ("BOD"), changed its name to Banc De

Binary Limited Seychelles.  I affirm that, despite the name change, Banc De Binary Limited

Seychelles is the one and the same company as Defendant BO Systems, Ltd., Seychelles, and

maintains the same company Registration No. of 102922.  I further affirm that Oren Shabat

Laurent has been lawfully appointed to sign this Consent Order on behalf of BO Systems,

Ltd., Seychelles (now named and registered as Banc De Binary Limited, Seychelles),

according to the resolution of the BOD in its meeting on 14/1/2011 to approve the

Consent Order and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is

therefore legally binding. I hereby confirm that on 31/1/2011 [date], Mr. Oren

Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this

Consent; and has signed it before me in my presence.

8

Ha-Ha

Ohad Tzkhori Advocate
License No. 46498

[Signature] _____

[Name] Ohad Tzkhori

[Title] Advocate

[Address] 38 trval st PL

ISRAEL _____

_____

_____

**DEFENDANT BdB Services, Ltd.**
**By: Sandrine Marie Claudia Rassool,**
**Sole Director and Shareholder of**
**Defendant BdB Services, Ltd.**
**106 Premier Building, Victoria, Meha,**
**Seychelles**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that BdB Services, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws. I further affirm that Sandrine Marie Claudia

Rassool has been lawfully appointed to sign this Consent on behalf of BdB Services, Ltd.,

and I affirm that her signing on this Consent is with the authorization of BdB Services, Ltd.'s

Board of Directors, according to the resolution of the BdB Services, Ltd.'s Board of Directors

in its meeting on _____ [date] to approve the Consent and to authorize Ms.

Sandrine Marie Claudia Rassool to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on _____ [date], Ms. Sandrine Marie Claudia Rassool,

has appeared before me and is known to me; affirmed her signature on this Consent; and has

signed it before me in my presence.

[Signature] _____

[Name] _____

9

[Title]_____

[Address]_____

_____

_____

10



### DECLARATION OF BANC DE BINARY LTD.,
### E.T. BINARY OPTIONS LTD., BO SYSTEMS LTD.,
### BDB SERVICES LTD., AND OREN LAURENT SHABAT
### <u>AS TO ENFORCEMENT OF CONSENT ORDER IN SEYCHELLES</u>

We the undersigned, and each and every one of us, after having been cautioned that I must state the truth and that if I fail to do so I will be subject to the penalties prescribed by law, hereby declare in writing as follows:

WHEREAS, On May 6, 2014, the plaintiff U.S. Commodity Futures Trading Commission ("CFTC" or "Commission" or "Plaintiff"), an independent agency of the federal government of the United States of America, filed a civil *Amended Complaint For Injunctive And Other Equitable Relief And For Civil Monetary Penalties Under The Commodity Exchange Act And Commission Regulations* against defendants Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (collectively, the "Defendants") in the United States District Court for the District of Nevada (hereinafter, "Amended Complaint"). The case is captioned *CFTC v. Banc de Binary, Ltd., et al.*, Case No. 2:13-cv-00992-MMD-VCF (D. Nev.)

WHEREAS, The Amended Complaint charged Defendants with violations of the Commodity Exchange Act ("CEA") under Title 7 of the United States Code, 7 U.S.C. §§ 1 *et seq.* (2012), and the Commission's regulation ("Regulations") promulgated thereunder, 17 C.F.R. §§ 1.1 *et seq.* (2015), and sought injunctive and other equitable relief, as well as the imposition of civil penalties for Defendants violations of the CEA and Regulations.

WHEREAS, The CFTC and the Defendants entered into a *"Consent Order For Permanent Injunction, Civil Monetary Penalty And Other Equitable Relief Against Defendants"* (hereinafter, "Consent Order"). A true and correct copy of the Consent Order is attached hereto as Exhibit 1.

WHEREAS, The Consent Order, among other things, orders that Defendants to pay, jointly and severally, $7,100,000 million in restitution to Defendants U.S. customers ("Restitution Obligation") pursuant to the terms set forth in the Consent Order.

THEREFORE, For the purposes of any proceeding filed in the Republic of Seychelles, or any other jurisdiction, court or tribunal, to enforce the terms of the Consent Order, we the Defendants – Banc de Binary Ltd., ET Binary Options Ltd., BO Systems Ltd., BDB Services Ltd., and Oren Shabat Laurent (also known as Oren Shabat and Oren Cohen) – knowingly, intentionally, and unconditionally agree, without the benefit of discussion, that:

1.      Each and every one of the paragraphs of the Consent Order, Paragraphs 1 through 118, is incorporated by reference herein as if fully repeated and set forth as this Paragraph 1.

1

2.      The Consent Order is capable of execution in the United States District Court for the District of Nevada ("United States District Court"), and all other federal district courts, state or other courts or tribunals located in the United States of America or any of its territories.

3.      The Consent Order is a final judgment, not subject to appeal.

4.      The Consent Order is executable in the United States, and the Consent Order was rendered by a competent court according to the laws of the United States.

5.      For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court had personal jurisdiction over each and every one of us, and subject matter jurisdiction over the case in its entirety and for all purposes, including the entry of the Consent Order.  Pursuant to the Consent Order, we as Defendants have consented to the United States District Court's continued jurisdiction over us for the purpose of implementing and enforcing the terms and conditions of the Consent Order, and for any other purpose relevant to the action, even if we, individually or collectively, reside outside the jurisdiction of the United States District Court.

6.      For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), the United States District Court applied the correct law to the matter up to and comprising the Consent Order, including the law as set forth in the statutes of the United States (including U.S. Federal Rules of Civil Procedure and Title VII of the United States Code), the federal common law, as well as in the "Conclusions of Law" contained in Paragraphs 49 through 87 of the Consent Order.  We will not dispute or contest that the law applied to the case, including the Consent Order, was in accordance and compliance with Seychelles private international law.

7.      For all purposes relating to the case *CFTC v. Banc de Binary, Ltd., et al.*, Civil Case No. 2:13-cv-00992-MMD-VCF (D. Nev.), including the Consent Order, all our rights as Defendants were respected.  Each and every one of us (a) was duly served with the summons and Amended Complaint; (b) retained counsel who ably represented us throughout the matter and proceedings up to and including the Consent Order; (c) submitted to the jurisdiction of the United States District Court; (d) were afforded the right to be heard and raise arguments before the Court; (e) willingly and voluntarily entered into the Consent Order under no duress whatsoever; and (f) fully read and agreed to the Consent Order voluntarily, and no promise (other than as specifically contained therein), or threat, was made or has been made by the CFTC or any member, officer, agent or representative thereof, or by any other person, to induce us to consent to the Consent Order.

8.      The Consent Order is not contrary to any fundamental rule of public policy in the United States, Seychelles, or any other jurisdiction, and is not adverse to any fundamental concept of Seychelles law.

9.      No fraud or undue influence was used to induce us to enter into the Consent Order.

10.     Each and every one of us acknowledges, consents and agrees that the

2

Consent Order is *ipso facto* executory under Seychelles laws, and may be enforced in Seychelles in the same manner as a judgment delivered by a court of Seychelles, without the Consent Order and judgment being first declared to be executory by a Seychelles court.

11.     Each and every one of us accepts the Defendants' Restitution Obligation under the terms of the Consent Order, jointly and severally, and consents unreservedly to the enforcement thereof in the courts of Seychelles.

12.     Each and every one of us forever waives, forfeits and surrenders any and all rights, privileges, or opportunities that we might otherwise have had to challenge, contest or dispute the validity, the enforceability or the collectability of Defendants' Restitution Obligation in any jurisdiction or before any tribunal whatsoever including, but not limited to, jurisdictions or tribunals within the Republic of Seychelles.

13.     We confirm that we will not oppose any application in any Seychelles Court to enforce the terms of the Consent Order for any reason whatsoever, whether now known or hereafter arising, it being our aim and intention that the execution of this declaration be evidence of our good faith and our commitment to abide by the terms of the Consent Order. We further waive our right to any form of recourse or challenge against the Consent Order in Seychelles or in any territory under the jurisdiction of the laws of Seychelles. Defendants shall be given credit for amounts paid towards its Restitution Obligation reflected in the Consent Order.

14.     This Declaration is made for use in the Supreme Court of Seychelles, and any other court in the Republic of Seychelles, and any other jurisdiction, court or tribunal.

15.     We hereby waive the legal requirement for leave to be obtained to serve us out of the jurisdiction of the Seychelles Courts at any time and irrevocably designate the Registry of the Supreme Court of Seychelles as the address for service on us of any action, process, notice, motion or pleading by the Plaintiffs herein as are filed in the territory of Seychelles or as are required to be served on us in or from Seychelles, and we hereby confirm that such service will constitute good and regular service on us notwithstanding that we have not been notified of such service by the said Registry of the Supreme Court of Seychelles and notwithstanding that we may have at any time after the execution of this declaration given notice to the Plaintiffs herein, or to the said Registry of the Supreme Court of Seychelles, or both, that we desire service to be effected in any other manner, or that we repudiate, for whatever reason, the address for service herein given.

3

CONSENTED TO AND
APPROVED BY:

ATTORNEYS FOR PLAINTIFF
U.S. COMMODITY FUTURES
TRADING COMMISSION

By: /s/ Margaret Aisenbrey

Kathleen Banar
(202) 418-5335
(202) 418-5987 facsimile
kbanar@cftc.gov
(Ill. Bar No. 6200597)

Margaret Aisenbrey
(816) 960-7749
(816) 960-7751 facsimile
maisenbrey@cftc.gov
(Mo. Bar No. 59560)

Kim G. Bruno
(202) 418-5368
(202) 418-5987 facsimile
kbruno@cftc.gov
(DC. Bar No.389899)

U.S. Commodity Futures Trading
Commission
1155 21st Street NW
Washington, D.C. 20581

Blaine T. Welsh (NV Bar No.
4790)
Assistant United States Attorney
United States Attorney's Office
333 Las Vegas Boulevard, Suite
5000
Las Vegas, Nevada 89101
blaine.welsh@usdoj.gov
(702) 388-6336
(702) 388-6787 (facsimile)

ATTORNEYS FOR
DEFENDANTS BANC DE
BINARY LTD., ET BINARY
OPTIONS LTD., BO
SYSTEMS LTD., BDB
SERVICES LTD., AND OREN
SHABAT LAURENT (A/K/A
OREN SHABAT AND OREN
COHEN)

By: /s/ A. Jeff Ifrah

A. Jeff Ifrah
jeff@ifrahlaw.com
Rachel Hirsch
rhirsch@ifrahlaw.com

IFRAH PLLC
1717 Pennsylvania Avenue
Suite 650
Washington, D.C. 20006
Telephone: 202-524-4140
Facsimile: 202-521-4141

Craig S. Denney
Snell & Wilmer L.L.P.
50 West Liberty Street, Suite
510
Reno, NV 89501
775-785-5440 (office)
775-785-5411 (direct)
775-785-5441 (fax)
cdenney@swlaw.com
(NV Bar No. 6953)

4

## **DEFENDANTS**

_____

**DEFENDANT Oren Shabat Laurent**
**By: Oren Shabat Laurent**
**31 Sasha Argov St.**
**Tel Aviv, Israel**

I hereby confirm that on _____ [date], Mr. Oren Shabat Laurent,

has appeared before me and is known to me; affirmed his signature on this Consent; and has

signed it before me in my presence.

_____

<u>Seagull Cohen</u>
<u>ADV and Notary</u>
<u>11 Tuval St., Ramat Gan Israel</u>

_____

**DEFENDANT Banc de Binary, Ltd.**
**By: Oren Shabat Laurent, Shareholder**
**of Defendant Banc de Binary Ltd.**
**Kanika International Business Centre,**
**Office 401, Profiti Ilias 4, Germasogeia**
**4046, Limassol, Cyprus**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm].  I hereby affirm that Banc de Binary, Ltd.'s decision to execute and enter into this

5

Consent has been made in accordance with the law and pursuant to all the relevant corporate documents and the relevant Companies laws. I further affirm that Oren Shabat Laurent has been lawfully appointed to sign this Consent on behalf of Banc de Binary, Ltd., and I affirm that his signing on this Consent is with the authorization of Banc de Binary, Ltd.'s Board of Directors, according to the resolution of the Banc de Binary, Ltd. Board of Directors in its meeting on _____ [date] to approve the Consent and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I hereby confirm that on _____ [date], Mr. Oren Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this Consent; and has signed it before me in my presence.

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

_____

**DEFENDANT ET Binary Options,
Ltd.
By: Oren Shabat Laurent, Director
and Shareholder of Defendant ET
Binary Options, Ltd.
38 Tuval St., Ramat Gan, Israel**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that ET Binary Options, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws.  I further affirm that Oren Shabat Laurent has

been lawfully appointed to sign this Consent on behalf of ET Binary Options, Ltd., and I

affirm that his signing on this Consent is with the authorization of ET Binary Options, Ltd.'s

Board of Directors, according to the resolution of the ET Binary Options, Ltd.'s Board of

Directors in its meeting on _____ [date] to approve the Consent and to

authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on _____ [date], Mr. Oren Shabat Laurent, has

appeared before me and is known to me; affirmed his signature on this Consent; and has

signed it before me in my presence.

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

7

**DEFENDANT BO Systems Ltd.,
By: Banc De Binary Limited,
Seychelles Registration No. 102922
(formerly named and registered as BO
Systems, Ltd., Seychelles Registration
No. 102922), 106 Premier Building,
Victoria, Meha, Seychelles**

**By: Oren Shabat Laurent
Ultimate Beneficiary Shareholder of
Banc De Binary Limited, Seychelles
Registration No. 102922 (formerly
named and registered as BO Systems,
Ltd., Seychelles Registration No.
102922), 31 Sasha Argove St., Tel
Aviv, Israel**

I, _____, am a licensed lawyer in

_____, with the title of _____ at [company,

firm]. I hereby affirm that the decision of BO Systems, Ltd. Seychelles (now named and

registered as Banc De Binary Limited, Seychelles) to execute and enter into this Consent

Order has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws. I further affirm that BO Systems, Ltd. in

Seychelles, by resolution of its Board of Directors ("BOD"), changed its name to Banc De

Binary Limited Seychelles. I affirm that, despite the name change, Banc De Binary Limited

Seychelles is the one and the same company as Defendant BO Systems, Ltd., Seychelles, and

maintains the same company Registration No. of 102922. I further affirm that Oren Shabat

Laurent has been lawfully appointed to sign this Consent Order on behalf of BO Systems,

Ltd., Seychelles (now named and registered as Banc De Binary Limited, Seychelles),

according to the resolution of the BOD in its meeting on _____ to approve the

Consent Order and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is

therefore legally binding. I hereby confirm that on _____ [date], Mr. Oren

Shabat Laurent, has appeared before me and is known to me; affirmed his signature on this

Consent; and has signed it before me in my presence.

8

[Signature] _____

[Name]_____

[Title]_____

[Address]_____

_____

_____

_____

**DEFENDANT BdB Services, Ltd.**
**By: Sandrine Marie Claudia Rassool,**
**Sole Director and Shareholder of**
**Defendant BdB Services, Ltd.**
**106 Premier Building, Victoria, Meha,**
**Seychelles**

I, _Anue  CC CABINEH_ am a licensed lawyer in
_SEYCHELLES_ , with the title of _ATTORNEY/ADIAKA_ at [company,
firm]. I hereby affirm that BdB Services, Ltd.'s decision to execute and enter into this

Consent has been made in accordance with the law and pursuant to all the relevant corporate

documents and the relevant Companies laws.  I further affirm that Sandrine Marie Claudia

Rassool has been lawfully appointed to sign this Consent on behalf of BdB Services, Ltd.,

and I affirm that her signing on this Consent is with the authorization of BdB Services, Ltd.'s

Board of Directors, according to the resolution of the BdB Services, Ltd.'s Board of Directors

in its meeting on _14 JANUARY 2016_ [date] to approve the Consent and to authorize Ms.

Sandrine Marie Claudia Rassool to sign it on its behalf, and is therefore legally binding. I

hereby confirm that on _22 FEBRUARY 2016_ [date], Ms. Sandrine Marie Claudia Rassool,

has appeared before me and is known to me; affirmed her signature on this Consent; and has

signed it before me in my presence.

[Signature] _____

[Name]_Anue  CC  CABALIFE_

9

[Title]_____



[Address]_____

_____

_____

## APOSTILLE

### (Convention de la Haye du 5 Octobre1961)

1.  **Country:**      **REPUBLIC OF SEYCHELLES**

    **This public document**

2.  **has been signed by**      **ANDRE C.C. LABLACHE**

3.  **acting in the capacity of NOTARY PUBLIC**

4.  **bears the seal/stamp of** ANDRE C.C. LABLACHE
    NOTARY PUBLIC

### Certified

5.  **at**      **VICTORIA**      6.  **22ND FEBRUARY  2016**

7.  **by  J. LEPATHY,DEPUTY REGISTRAR, SUPREME COURT**

8.  **No.  4706 OF 2016**

9.  **Seal/Stamp**          **10. Signature**

COSTS SCALE: €2.000.000 and above

VAT No.: 10269326U

Number 2.— SPECIALLY ENDORSED WRIT (O. 2, r. 6)

----------

In the District Court of Nicosia

Action No.: ............../2016

Between:

## US SECURITIES & EXCHANGE COMMISSION

<u>Plaintiff</u>

-and-

## BANC DE BINARY LIMITED

<u>Defendant</u>

The above **Defendant**
of 1 Katalanou, 1ˢᵗ Floor, Flat 101, Aglantzia, 2121 Nicosia

You are hereby ordered to enter an appearance within ten days from the service of this writ in an action brought against you by the Plaintiff **US SECURITIES & EXCHANGE COMMISSION of 100 F Street NE Washington DC 20549**

The Plaintiff's claim in the action is set out in the statement of claim as it appears at the back page.

The plaintiff's address for service is *(d) The Law office of Messrs. George Z. Georgiou & Associates L.L.C., 1 Eras, 1ˢᵗ floor, 1060 Nicosia,* Court Box 232.

You should be aware that, if you fail to enter an appearance in conformity to the manner described below, the Plaintiff may proceed the action and a judgment may be issued in your absence.

Sealed and filed on *(e)*           ........................... /2016.

(Sgn).…………………….........................................
**GEORGE Z. GEORGIOU & ASSOCIATES L.L.C.**
**Registrar**                                        *(f)*   Lawyers for the Plaintiff

Notation :      (1)     An appearance may be filed either personally or through  a lawyer by delivering a memorandum of appearance to the Registrar in  (g) Nicosia and by delivering a copy of such a memorandum duly dated, signed and sealed by the Registrar, to the Plaintiff's address for service on the same day.

(2)     If the Defendant fails to deliver a defence within fourteen days from the last day of the given time for appearance thereof, a judgment may be issued against him without notice, unless an application for the issuance of a judgment has in the meantime served upon him.

---

(a)  State full address including street and number of the building whether exists.
(b)  State the Defendant's occupation if known.
(c)  State the Plaintiff's occupation.
(d) State the name and surname, the profession and the address of some person within the municipal limits of the town or village in which the Registry  the Writ of Summons was filed that documents for the Plaintiff may be serviced.
(e)  The date shall be filled in by the Registrar.
(f) Delete the words "Advocate for the Plaintiff" whether you commence the action in person and add the words "Plaintiff".
(g) State  the town or village in which the Registry referred above in (d) is situated.
*Notation:* When drawing the Writ of Summons notice shall be given to the provisions of rule 2 of the Civil Procedures and the relevant to the special endorsement provisions.
Notation for the Defendant: When the Defendant is sued upon a claim relating to more than CYP. £25 and he wants to engage an advocate's services he shall have in view that, unless by the leave of Court, he (the advocate) cannot enter an appearance for the Defendant unless a retainer is received by  the Defendant in conformity with Form 12A.

### STATEMENT OF CLAIM

1.  The Plaintiff is the United States Securities and Exchange Commission and has its central offices in Washington, at 100 F Street, NE Washington, DC 20549. The object of the United States Securities and Exchange Commission is to protect investors, to maintain a fair, proper and effective market and to facilitate capital formation.

2.  The Defendant is a Cyprus company with registration number HE 301698 and has its registered office in Nicosia. It is affiliated with 3 other companies, namely ET Binary Options Ltd, BO Systems Ltd and BDB Services Ltd. Although the companies, which are affiliated with the Defendant, are registered in Israel and in the Seychelles, they nevertheless collectively exercise business activities under the name "Banc de Binary."

3.  The Defendant operates an online trading platform, where investors purchase securities known as "binary options".

4.  The Defendant is licensed to operate in Cyprus under the supervision of the Cyprus Securities and Exchange Commission.  However, the Defendant is not registered as a broker or dealer with the Plaintiff, the United States Securities and Exchange Commission, and it has not registered with the Plaintiff the offer or sale of binary options in the United States.

5.  Nevertheless, the Defendant offered and sold binary options in the United States in violation of section 5 of the Securities Act of 1933, 15 U.S.C. §§ 77e, and section 15(a)(1) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a)(1).

6.  Consequently to the above violations, the Plaintiff proceeded and filed a government enforcement action against the Defendant, the 3 affiliated companies listed above, and an officer thereof in the United States District Court, District of Nevada, *SECURITIES AND EXCHANGE COMMISSION v.*

*BANC DE BINARY LTD, OREN SHABAT LAURENT (f/k/a OREN SHABAT), ET BINARY OPTIONS LTD., BO SYSTEMS LTD. SEYCHELLES and BDB SERVICES LTD. SEYCHELLES,* in the United States of America (Case number 2:13-cv-00993-RCJ-VCF) on June 5, 2013. The Defendant in the present action as well as the defendants in the abovementioned action in the United States have consented to the entry by the United States District Court of a final judgment against them, where they are ordered, among other relief, to pay to the Plaintiff the amount of $7,100,000.00 for the disgorgement of ill-gotten gains (and not as a civil penalty) as part of a settlement in the context of the abovementioned proceedings. As defined in the Consent and Final Judgment, this amount is to be paid in satisfaction of the total disgorgement/restitution award that is ordered both by the Final Judgment and in what is defined in as the "CFTC Action" in the Final Judgment, all as prescribed in sections III and V of the Final Judgment, and according to what was agreed in paragraph 3 (c) of the Consent. The Defendant and the other defendants in the abovementioned action have already set aside $3,100,000.00 in escrow in a United States account in partial satisfaction of this final judgment amount.

7.  As a result of the above the Defendant is obliged to pay, jointly and severally with the other defendants in the abovementioned action, to the Plaintiff the amount of $4,000,000.00 in disgorgement/restitution by virtue of the Final Judgment entered against them by the United States District Court dated ........., and in accordance with the schedule set forth in section V of such Final Judgment. The Defendant on February 16, 2016 acknowledged in writing its debt to the Plaintiff through the Bond in Customary Form.

8.  In addition and/or alternatively and without any restriction to its above positions, the Plaintiff alleges that the Defendant has been unjustly and/or unfairly and/or unjustifiably enriched with the amount of $4,000,000.00, the Defendant should therefore pay the amount of $4,000,000.00 in accordance with and/or pursuant to the law of restitution and/or based on the principle of unjust enrichment, in accordance with the schedule set forth in section V of

the Final Judgment and according to what was agreed in paragraph 3 (c) of the Consent.

9.    Defendant consents to and does not oppose the relief requested herein.

### *THE PLAINTIFF REPEATS THE ABOVE ALLEGATIONS AGAINST THE DEFENDANT AND CLAIMS FOR:*

A.    A Declaration of the Court recognizing the Final Judgment dated.............issued by the United States District Court, District of Nevada for the amount of............., as stated in paragraph 6 above.

B.    Any other remedy that the Court may order.

C.    Defendant shall pay post judgment interest on any delinquent amounts, as set forth in section III of the Final Judgment.

E.    Costs plus V.A.T., plus costs of service, and attorneys' fees and costs for any proceeding necessary to enforce the relief set forth herein.

(Sgn.) ------------------------------------------------------------------
**GEORGE Z. GEORGIOU & ASSOCIATES L.L.C.**
Lawyer of the Plaintiff

True Copy

### REGISTRAR

Note: If the above requested amount plus €2363 costs plus V.A.T. plus costs of service are paid to the Plaintiff or to its lawyers within ten days from the service of this writ, any further proceedings will be stayed.

(a)Delete the words "Lawyer of the Plaintiff" if you are personally filing the action and add the word "Plaintiff".

Serial No. 68-2016

מספר סידורי **68-2016**

## AUTHENTICATION OF SIGNATURE

## אימות חתימה

I the undersigned, Seagull Cohen, Notary, at 11 Tuval st. Ramat Gan, 52522 hereby certify that on February 17th 2016 there appeared before me at my office Mr. OHAD TZKHORI whose identity was proved to me by Passport no. 20733620 issued by Authority- I.C. at TEL-AVIV-YAFO on Feb 11th 2013 And signed of his own free will the attached document marked A1-A2.

In witness whereof I hereby authenticate the signature of Mr. OHAD TZKHORI by my own signature and seal today February 17th 2016.

Fees paid: 194 NIS including VAT.

אני החתומה מטה סיגל כהן, נוטריון מתובל 11, רמת גן, 52522, מאשרת כי ביום 17/2/2016 ניצב לפני במשרדי מר אוהד צחורי שזהותו הוכחה לי על פי דרכון מספר 20733620 שהוצא על ידי סמכות ממונה דרכונים בתל אביב-יפו ביום 11/2/2013 וחתם מרצונו החופשי על המסמך המצורף והמסומן באות א1-א2.

ולראיה הנני מאמתת את חתימתו של מר אוהד צחורי בחתימת ידי ובחותמי, היום <u>17/2/2016</u>.

שכרי בסך 194 ש"ח כולל מע"מ שולם.



חתימת הנוטריון
**Signature**

חותם הנוטריון
**Notary's Seal**



# APOSTILLE

(Convention de la Haye du 5 Octobre 1961)

1. STATE OF ISRAEL

This public document

has been issued by

Advocate S. Cohen

3. Acting in capacity of Notary

4. bears the seal/stamp of

the above Notary

## Certified

5. At the District Court of Tel Aviv Jaffa

6. Date _____

7. By an official appointed by

Minister of Justice under the

Notaries Law, 1976.

8. Serial number _____

9. Seal/Stamp

10. Signature

17 -02- 2016

### BOND IN CUSTOMARY FORM

We, Banc de Binary Ltd. ("BdB Ltd."), of 1 Katalanou Street, Floor 1, Flat 101, Aglantzia, 2121, Nicosia, Cyprus (the debtor) acknowledge that we are indebted to the United States Securities and Exchange Commission ("SEC") of 444 S. Flower Street, Suite 900, Los Angeles, California 90071 (the creditor) in the sum of $4,000,000.00 being part of the joint and several settlement amount in respect of SEC's action against BdB Ltd. and affiliates, *SEC v. Banc de Binary Ltd., et al.,* Case No. 2:13-cv-00993-RCJ-VCF, currently pending in the United States District Court, District of Nevada, according to the Consent and Final Judgment entered on _____ (the "Final Judgment"), as part of the total disgorgement/restitution award that is ordered both by the Final Judgment and in what is defined in as the "CFTC Action" in the Final Judgment.

The sum is payable in 4 installments as follows: (1) $3,100,000.00 shall be paid immediately upon entry of the Judgment; (2) $1,000,000.00 shall be paid on or before February 29, 2016; (3) $1,000,000.00 shall be paid on or before August 31, 2016; (4) $1,000,000.00 shall be paid on or before February 28, 2017; and (5) $1,000,000.00 shall be paid on or before August 31, 2017; provided, however, that the Defendant may elect to pay, in full or in part, any one of these payments before the due dates set forth above.

If BdB Ltd fails to make any payment by the date agreed and/or in the amount agreed, all outstanding payments, including post-judgment interest on any delinquent amounts at a rate equal to the weekly average 1-year constant maturity United States Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding, compounded annually as set forth in the Final Judgment, minus any payments made, shall become due and payable immediately.  In the event of non-payment of the abovementioned amount BdB Ltd.

//

//

//

//

//

//

//

//



1

undertakes to cover all legal expenses rising from civil and/or criminal proceedings to recover the abovementioned amount.

Dated: 2/17/16

US Securities & Exchange Commission

Signed by: ....................................................

Dated:

Banc de Binary Ltd

Signed By:
Oren Shabat Laurent
Director and Shareholder of Band de Binary Ltd
31 Sasha Argov St., Tel Aviv, Israel

Witness 1   Mor Zak

Signed by: ...MOR ZAK...............................

Witness 2

Signed by: Shoshi Nahum -Talgam

I, .............. am a licensed lawyer in ISRAEL....., with the title of Advocate...., at ISRAEL................. I hereby affirm that Banc de Binary Ltd's decision to execute and enter into this Consent has been made in accordance with the law and pursuant to all the relevant corporate documents and the relevant Companies laws. I further affirm that Oren Shabat Laurent has been lawfully appointed to sign this Consent on behalf of Banc de Binary Ltd, and I affirm that his signing on this Consent is with the authorization of Banc de Binary Ltd's Board of Directors ("BOD"), according to the resolution of the BOD in its meeting on 1/1/2015, to approve the Consent and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I hereby affirm that on 6/1/2016, Mr. Oren Shabat Laurent appeared before me and is known to me, affirmed his signature on this Consent, and has signed it before me in my presence.

Ohad Tzkhori, Advocate
License No. 46498

Name _____ Ohad Tzkhori
Title   Advocate
Address 30 Tuval st. Tel ISRAEL

2



**District Court of Tel Aviv**          **Miscellaneous Civil Applications** _____

**Applicant**:          **U.S. Securities and Exchange Commission**

Represented by its counsel, Adv. Amir Halevy and/or Adv. Michael Ginsburg and/or Adv. Hila Ohayon Glicksman, of Gross, Kleinhendler, Hodak, Halevy, Greenberg & Co.
1 Azrieli Centre, Circular Building, 38th Floor, Tel Aviv, 67021
Tel: 03 6074580; Fax: 03 6074590

**- Versus -**

**Respondents**:          **1. E.T.B.O SERVICES LTD. B.N. 51-440528-1**

38 Tuval Street

Ramat Gan

**2. OREN SHABAT I.D.039395694**

3 Frishman Street

Kfar Sabba

**Consensual Application for the Enforcement of a Foreign Judgment**

The Honourable Court is hereby requested to declare the financial obligations, as described more fully below and as set forth in sections II and V of the foreign judgments, each of which was given in consent against, *inter alia*, the Respondents on _____, in the matter *SEC v. BANC DE BINARY LTD, OREN SHABAT LAURENT (f/k/a OREN SHABAT), ET BINARY OPTIONS LTD., BO SYSTEMS LTD. SEYCHELLES and BDB SERVICES LTD. SEYCHELLES,* Case No. Case No. 2:13-cv-00993-RCJ-VCF, by the United States District Court, District of Nevada (hereinafter, each, respectively: the **"the Foreign Judgment"** and the **"U.S. COURT")**, as part of agreed settlement arrangement reached between the Applicant and each of the Respondents (hereinafter: the **"Settlement"**), as foreign judgments enforceable in Israel, this pursuant to the Foreign Judgments Enforcement Law, 5718 - 1958 (hereinafter: the **"the Foreign Judgments Enforcement Law"**).

The Foreign Judgments against Respondent 1 and Respondent 2 are attached as **Appendices 1 and 2** (respectively).

The Consents executed by Respondent 1 and Respondent 2, in which each agreed to the entry of the Foreign Judgment by the U.S. COURT, are attached as **Appendices 3** and **4** (respectively) to this Application (hereinafter, each: a **"Consent"**).

1

**Below are the reasons for the Application:**

A.   **Relevant Facts of the Matter**

1.   The Applicant is the U.S. Securities and Exchange Commission; Respondent 1 is a company incorporated in Israel which operates in the field of binary options trading. Respondent 2 is a citizen of Israel and America; and is the owner and holder of 50% of the shares of Respondent 1.

2.   The Applicant initiated legal proceedings in the United States against the Respondents and against other companies related to them (hereinafter: the **"Involved Parties"**), in connection with allegations of committing violations of U.S. federal securities laws, by offering and selling securities without registration and by acting as unregistered broker-dealers in the United States, against the applicable laws .

It is noted that the present Application is filed against the Respondents alone, and not against every one of the Involved Parties, for the reason that only the Respondents have a connection with Israel. The Applicant is acting, however, with the consent of the Involved Parties and in accordance with the Settlement, in parallel channels for the enforcement of the Foreign Judgments against the other Involved Parties in the jurisdictions of various countries.

3.   On January 12, 2016, the Respondents each executed a Consent attached hereto as Appendices 3 and 4. As part of this, both Respondent 1 and Respondent 2 consented to the entry by the U.S. COURT the Foreign Judgment, which was attached as Exhibit 1 to each Consent (as is customary according to the law in the U.S.), as well as a draft of this Application, the translation of which was attached as Exhibit 2 to each Consent.

4.   According to each Foreign Judgment, which was given, as stated, on the basis of the agreements reached between the Involved Parties as part of the Settlement, the Involved Parties were ordered to pay, jointly and severally, the amount of US $7,100,000.00, which amount is to be paid in satisfaction of the total disgorgement/restitution award that is ordered both by the Foreign Judgment and in what is defined in as the **"CFTC Action"** in the Foreign Judgment, all as prescribed in sections III and V of each Foreign Judgment, and according to what was agreed in paragraphs 4 (c) and 4 (d) of each Consent.[1]

---

[1]It is further noted that, as acknowledged in each Foreign Judgment and Consent, US$3,100,000.00 of a previously escrowed sum deposited by the Involved Parties was released upon entry of the Foreign Judgments by the U.S. COURT and allocated to pay and satisfy the total disgorgement/ restitution award ordered both by the Foreign Judgment and in the CFTC Action, such that the total disgorgement/restitution award, as of the date of this Application, owed and to be paid, jointly and severally, by the Involved Parties in satisfaction of the Foreign Judgment and in the CFTC Action, and in accordance with the schedule set forth section V of each Foreign Judgment, is US $4,000,000.00.  It is further noted that the Applicant seeks to have declared enforceable under Israeli law the financial obligations of each Foreign Judgment, except that it does not seek to have declared enforceable under Israeli law that part of each Foreign Judgment that obligates Respondent 1 and

2

5.   Therefore, as of the date of this Application, the outstanding financial obligation to be declared enforceable in Israel pursuant to the Foreign Judgments Enforcement Law, 5718 – 1958, and to be paid by Respondent 1 and Respondent 2, jointly and severally with the Involved Parties is US $4,000,000.00 (plus any post-judgment interest on delinquent amounts), which is to be paid in accordance with the schedule set forth section V of each Foreign Judgment.

6.   It is further noted that under each Consent, each of the Involved Parties, including the Respondents in this Application, agreed to accept the Foreign Judgment in its entirety, including the financial obligations imposed therein, and also agreed, without any reservation, to the enforcement of the Foreign Judgment and the Consent, including the financial obligations imposed therein, in any jurisdiction or tribunal outside of the borders of the United States. In this context, the Involved Parties agreed, without any reservation, that the Foreign Judgment was given by a competent court in accordance with the laws of the United States and that it can be carried out in the United States; that the Foreign Judgment cannot be appealed; that the Foreign Judgment is enforceable in any jurisdiction or tribunal outside of the United States; and that it is not against public policy in the United States or in any jurisdiction or tribunal outside of the United States (see paragraphs 10 and 11 of each Consent).

7.   Further according to the Consent, the Involved Parties, including the Respondents, agreed without reservation that the Foreign Judgment was not obtained by fraud or deception; that they had a proper opportunity to state their case before the U.S. courts; that there is no pending proceedings between the Involved Parties in the matter dealt with in the Foreign Judgment in any other court or tribunal; that the Foreign Judgment does not contradict any other judgment that was given between the Applicant and the Involved Parties in the same matter and that it remains in force (see paragraph 12 of each Consent).

8.   Further according to the Foreign Judgment, the Involved Parties, including the Respondents, have agreed to pay post judgment interest on any delinquent amounts, as set forth in section III of the Foreign Judgment.

9.   It should be noted that the Involved Parties, including the Respondents, were represented by an American lawyer throughout all of the proceedings conducted against them in the United States.

**B.   The Legal Argument: The Application meets all of the conditions required for the enforcement of a foreign judgment**

10.   The Honourable Court is hereby requested, by the consent of the Parties, to declare the Foreign Judgment a foreign judgment that is enforceable in Israel. We are dealing with the enforcement of financial obligations, which determine liability *in-personam* on the Respondents, and which fulfil all of the conditions

---

Respondent 2 to pay a "civil penalty" as set forth in section III of the Foreign Judgment (US$750,000 and US$150,000, respectively, for Respondents 1 and 2).

for enforcing a foreign judgment, as set down in Section 3 of the Foreign Judgments Enforcement Law, as follows:

10.1 The Foreign Judgment was given by a competent court in the United States, as agreed to in paragraphs 10 and 11 of each Consent, and as detailed in the affidavit for proving the foreign law, attached as Appendix 5 to the Application (hereinafter: the **"Opinion on the Foreign Law"**).

10.2 The Foreign Judgment is no longer appealable, as agreed to in paragraphs 10 and 11 of each Consent, and as explained in the Opinion on the Foreign Law.

10.3 The financial obligations set down in the Foreign Judgment are enforceable under Israeli law, being personal obligations on the Respondents (and the rest of the Involved Parties). There is no dispute that a judgment ordering a respondent to pay a debt to the plaintiff is a judgment that is enforceable in Israel under the Foreign Judgments Enforcement Law. Neither is there any dispute that the Foreign Judgment is not contrary to public policy, since if a similar case arose in Israel, the court would comply with the agreements reached between the parties and anchors them in a judgment.

10.4 The Foreign Judgment can be carried out in the United States, as agreed to in paragraphs 10 and 11 of each Consent, and as set out in the Opinion on the Foreign Law.

10.5 The judgments of the State of Israel are enforceable under the laws of the United States, as set out in the Opinion on the Foreign Law.

11. It should be emphasized that the Application is filed with the consent of the Respondents, who have pledged to cooperate as necessary with the foreign judgment enforcement process in Israel. As set forth in each Consent, and as stated in Respondent 1 and Respondent 2's affidavits, which are attached to this Application, the Respondents agreed, without reservation, that under the circumstances of the matter at hand, the conditions set down in Section 3 of the Foreign Judgments Enforcement Law for the enforcement of financial obligations imposed on them in the Foreign Judgment, are applicable in full. Moreover, the Respondents agreed that under the circumstances of the matter at hand, they have no grounds for one of the legal defences set down in the Foreign Judgments Enforcement Law and in Israeli law, against the enforcement of a foreign judgment and, therefore, the Respondents stated that they expressly waive any claim to such defence.

The affidavit of Respondents 1 and 2 is attached to this Application as **Appendices 6.**

## C.   **Conclusion**

12. In light of the aforesaid, all of the conditions required by the Foreign Judgments Enforcement Law for the enforcement of financial obligations imposed in the

Foreign Judgment are met, and the Court is requested to order their enforcement in Israel.

13. The Honourable Court has material jurisdiction to hear this Application in light of the essence of the dispute between the Parties, and it has the local jurisdiction in light of the Respondents' addresses.

14. The legal part of this request regarding the law of the United States is supported by an affidavit of a lawyer who is an expert in American law

15. Furthermore, this Application is supported by the affidavits of the Respondents.

16. Under the present circumstances, the Honourable Court is requested to declare, without the need for further proceedings, that the obligations imposed on the Respondents in Sections II and V of the Foreign Judgment are recognized as a judgment that is enforceable in Israel.

17. By law and by justice this Application should be granted.


_____                    _____
Amir Halevy, Adv.                              Michael Ginsberg, Adv.


Gross, Kleinhendler, Hodak, Halevy, Greenberg & Co.
Counsel for the Applicant

5

Serial No. 45-2016

מספר סידורי  45-2016

## AUTHENTICATION OF SIGNATURE

## אימות חתימה

I the undersigned, Seagull Cohen, Adv.&
Notary, at 11 Tuval st. Ramat Gan, 52522
hereby certify that on February 3rd 2016 there
appeared before me at my office Mr. OHAD
TZKHORI whose identity was proved to me by
Passport no. 20733620 issued by Authority- I.C.
at TEL-AVIV-YAFO on Feb 11th 2013 And
signed of his own free will the attached
document marked A1-A3.

אני החתומה מטה סיגל כהן, עו״ד נוטריונית, מתובל
11, רמת גן, 52522, מאשרת כי ביום 3/2/2016 ניצב
לפני במשרדי מר אוהד צחורי שזהותו הוכחה לי על
פי דרכון מספר 20733620 שהוצא על ידי סמכות
ממונה דרכונים בתל אביב-יפו ביום 11/2/2013
וחתם מרצונו החופשי על המסמך המצורף והמסומן
באות א1-א3.

In witness whereof I hereby authenticate the
signature of Mr. OHAD TZKHORI by my own
signature and seal today February 3rd 2016.

ולראיה הנני מאמתת את חתימתו של מר אוהד
צחורי בחתימת ידי ובחותמי, היום 3/2/2016.

Fees paid: 194 NIS including VAT.

שכרי בסך 194 ש״ח כולל מע״מ שולם.



חתימת הנוטריון
**Signature**

חותם הנוטריון
**Notary's Seal**

אושרת חביב
OSHRA HAVIV

0 3 -02- 2016

בית משפט מחוזי ת"א
DISTRICT COURT OF TEL-AVIV

# APOSTILLE

**(Convention de la Haye du 5 Octobre 1961)**

1. STATE OF ISRAEL

2. Has been signed by

   Advocate _S. Cohen_

3. Acting in capacity of Notary

4. bears the seal/stamp of

   the above Notary

## Certified

5. At the District Court of Tel Aviv Jaffa

6. Date _____

7. By an official appointed by

   Minister of Justice under the

   Notaries Law, 1976.

8. Serial number _____

9. Seal/Stamp _____

10. Signature _____

אושרת חביב
OSHRA HAVIV

0 3 -02- 2016

בית משפט מחוזי ת"א
DISTRICT COURT OF TEL-AVIV

‏1. מדינת ישראל

‏2. נחתם בידי

עו"ד _____

‏3. המכהן בתור נוטריון.

‏4. נושא את החותמת/הנוספת

של הנוטריון הנ"ל

## אושר

‏5. בבית משפט המחוזי בהל אביב יפו

‏6. ביום _____

‏7. על ידי מי שמונה בידי שר

המשפטים לפי חוק הנוטריונים,

‏התשל"ו – 1976

‏8. מס' סידורי _____

‏9. החותם / והחתימה _____

0 3 -02- 2016

District Court of Tel Aviv-Jaffa

אושרת חביב
OSHRA HAVIV

0 3 -02- 2016

בית משפט מחוזי ת"א
DISTRICT COURT OF TEL-AVIV

אושרת חביב
OSHRA HAVIV

0 3 -02- 2016

בית משפט מחוזי ת"א
DISTRICT COURT OF TEL-AVIV

## AFFIDAVIT

I, the undersigned, Oren Shabat Laurent, bearer of I.D. No.  _____21280647_____ , after having been cautioned that I must state the truth and that if I fail to do so I will be subject to the penalties prescribed by law, hereby declare in writing as follows:

This affidavit is given in support of the petition for the enforcement of the Foreign Judgments given on _____, in the matter of *SEC v. BANC DE BINARY LTD, OREN SHABAT LAURENT (f/k/a OREN SHABAT), ET BINARY OPTIONS LTD., BO SYSTEMS LTD. SEYCHELLES and BDB SERVICES LTD. SEYCHELLES*, Case No. Case No. 2:13-cv-00993-RCJ-VCF, by the United States District Court, District of Nevada (hereinafter, each, respectively: the "the Foreign Judgment" and the "U.S. COURT"), against me, against Respondent 1 which is owned by me (hereinafter: the "Company") and against other involved parties, as part of agreed settlement arrangement reached between the Applicant and each of the Respondents (hereinafter: the "Settlement").

The below stated in this affidavit is known to me personally and/or based on legal advice I have received, and said in my name and in the Company's name in my capacity as a shareholder of the Company:

1.  The Company is a company incorporated in Israel which operates in the field of binary options trading. The undersigned has Israeli and American citizenship, and is the owner and holder of 50% of the company's shares.

2.  In 2014, the Applicant initiated legal proceedings in the U.S.A. against the Company, against me, and against affiliated companies (hereinafter: the "Involved Parties"), in connection with allegations of committing violations of U.S. Securities laws, by offering and selling unregistered securities and by acting as unregistered broker-dealers in the united states, against the applicable laws.

3.  As part of the Settlement the company, myself, and each of the Involved Parties, executed a Consent to the entry by the U.S. Court of the Foreign Judgment in its entirety, including the financial obligations imposed therein, and also agreed, without any reservation, to the enforcement of the Foreign Judgment and the Consent, including the financial obligations imposed therein, in any jurisdiction or tribunal outside of the borders of the United States.

1.  According to each Foreign Judgment, which was given, as stated, on the basis of the agreements reached between the Involved Parties as part of the Settlement, the Involved Parties were ordered to pay, jointly and severally, the amount of US $7,100,000.00, which amount is to be paid in satisfaction of the total disgorgement/restitution award that is ordered both by the Foreign Judgment and in what is defined in as the "CFTC Action" in the Foreign Judgment, all as prescribed in sections III and V of each Foreign Judgment, and according to what



Furthermore, I hereby declare that the Company and I waive, expressly, absolutely and finally, any defence to which the Company and/or myself have a right, that is prescribed in the Enforcement of Foreign Judgments Law, and in Israeli law, against the enforcement of the Foreign Judgment.

This is my name, this is my signature, and all of my declarations made in this affidavit are true.

Dated: ~~January~~ Feb ), 2016

By: _____

Oren Shabat Laurent
Director and Shareholder, ET Binary Options Ltd.
38 Tuval St., Ramat Gan, Israel

I, __Ohad Tzkhori__, am a licensed lawyer in __ISRAEL__, with the title of __Advocate__ at __39 Tuval st Rb ISRAEL__. I hereby affirm that ET Binary Options Ltd.'s decision to execute and enter into this Consent has been made in accordance with the law and pursuant to all the relevant corporate documents and the relevant Companies laws. I further affirm that Oren Shabat Laurent has been lawfully appointed to sign this Consent on behalf of ET Binary Options Ltd., and I affirm that his signing on this Consent is with the authorization of ET Binary Options Ltd.'s Board of Directors ("BOD"), according to the resolution of the BOD in its meeting on __14/1/2016__ to approve the Consent and to authorize Mr. Oren Shabat Laurent to sign it on its behalf, and is therefore legally binding. I hereby affirm that on __2/2/2016__, Mr. Oren Shabat Laurent appeared before me and is known to me, affirmed his signature on this Consent, and has signed it before me in my presence.

Ohad Tzkhori, Advocate
License No. 46498

Name: Ohad Tzkhori:

Title: Advocate

Address: 39 tuval st. Rb. ISRAEL



was agreed in paragraphs 4 (c) and 4 (d) of each Consent.[1]   Therefore, as of the date of this Application, the outstanding financial obligation to be declared enforceable in Israel pursuant to the Foreign Judgments Enforcement Law, 5718 – 1958, and to be paid by Respondent 1 and Respondent 2, jointly and severally with the Involved Parties is US $4,000,000.00 (plus any post-judgment interest on delinquent amounts), which is to be paid in accordance with the schedule set forth section V of each Foreign Judgment.

4.   I hereby declare, on behalf of the Company and myself, without reservation, that the Foreign Judgment was received by a competent court in accordance with the laws of the United States and that it can be carried out in the United States; that the Foreign Judgment cannot be appealed, and that the Foreign Judgment is enforceable in any jurisdiction or tribunal outside of the United States; that the Foreign Judgment does not contradict the principle of public policy in the United States or in any jurisdiction or tribunal outside the United States; that there is no pending proceeding on the matter dealt with in the Foreign Judgment, in any court or other tribunal; and that the Foreign Judgment does not contradict any other judgment, that is still valid, that was given with respect the parties on the same matter.

5.   I further declare, in the name of the Company and of myself, without reservation that the Foreign Judgment was not obtained by fraud or deception; and that I and the Company received sufficient opportunity to present our claims before the court in the United States. It should be noted that the Company and I were represented by an American lawyer throughout the proceedings conducted against us in the United States.

6.   Accordingly, I support the motion to enforce the Foreign Judgment in the Israeli court, and, according to the legal advice I have received, in these circumstances the terms set forth in Section 3 of the Enforcement of Foreign Judgments Law, 5718 - 1958, apply in full to the enforcement of the financial obligations imposed on the Company and on myself, jointly and severally, in the Foreign Judgment.

//

//

//

_____

[1] It is further noted that, as acknowledged in each Foreign Judgment and Consent, US$3,100,000.00 of a previously escrowed sum deposited by the Involved Parties was released upon entry of the Foreign Judgments by the U.S. COURT and allocated to pay and satisfy the total disgorgement/ restitution award ordered both by the Foreign Judgment and in the CFTC Action, such that the total disgorgement/restitution award, as of the date of this Application, owed and to be paid, jointly and severally, by the Involved Parties in satisfaction of the Foreign Judgment and in the CFTC Action, and in accordance with the schedule set forth section V of each Foreign Judgment, is US $4,000,000.00.  It is further noted that the Applicant seeks to have declared enforceable under Israeli law the financial obligations of each Foreign Judgment, except that it does not seek to have declared enforceable under Israeli law that part of each Foreign Judgment that obligates Respondent 1 and Respondent 2 to pay a "civil penalty" as set forth in section III of the Foreign Judgment (US$750,000 and US$150,000, respectively, for Respondents 1 and 2).



## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

> U.S. SECURITIES AND EXCHANGE COMMISSION,
> 444 S. Flower Street, Suite 900, Los Angeles, California 90071
> Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On February 22, 2016, I caused to be served the document entitled **CONSENT TO FINAL JUDGMENT OF DEFENDANT BANC DE BINARY LTD** on all the parties to this action addressed as stated on the attached service list:

☐     **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐     **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐     **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐     **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐     **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐     **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒     **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐     **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  February 22, 2016                    _____*/s/ John W. Berry*_____
                                                           John W. Berry

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SEC v. Banc de Binary Ltd, *et al.***
**United States District Court – District of Nevada**
**Case No. 2:13-cv-00993-RCJ-VCF**

**SERVICE LIST**

A. Jeff Ifrah, Esq.
Rachel Hirsch, Esq.
Ifrah PLLC
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006-2004
jeff@ifrahlaw.com
rhirsch@ifrahlaw.com
Tel: (202) 524-4147


Greg Brower, Esq.
Carrie L. Parker, Esq.
SNELL & WILMER L.L.P
50 West Liberty Street, Suite 510
Reno, NV 89501
gbrower@swlaw.com
cparker@swlaw.com
Tel: (775) 785-5440

*Attorneys for Defendants*